1  FAISAL M. ZUBAIRI (SBN 244233)
   zubairi.faisal@dorsey.com
2  ISAAC M. GABRIEL (SBN 325008)
   gabriel.isaac@dorsey.com
3  NAVDEEP K. SINGH (SBN 284486)
   singh.navdeep@dorsey.com
4  JESSICA M. LEANO (SBN 323677)
   leano.jessica@dorsey.com
5  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
6  Costa Mesa, CA 92626-7655
   Telephone: (714) 800-1400
7  Facsimile: (714) 800-1499

8  Attorneys for Defendant SPROUTS FARMERS
   MARKET, INC.
9

10

11            **UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

13

| | |
|---|---|
| 14 ROBERT COHEN, individually and on behalf of all others similarly situated, | CASE NO: |
| 15 Plaintiff, | **DECLARATION OF FAISAL M. ZUBAIRI IN SUPPORT OF DEFENDANT'S NOTICE OF** |
| 16 | **REMOVAL OF ACTION TO** |
| 17 vs. | **THE UNITED STATES DISTRICT** |
| 18 SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them, | **COURT - FEDERAL QUESTION** |
| 19 | [Filed Concurrently Herewith: Notice of Removal of Action to Federal Court, Civil |
| 20 Defendants. | Case Cover Sheet, Certificate of Interested Parties, and Appendix] |
| 21 | |
| 22 | Complaint Filed: September 6, 2022 Trial date: Not Set |
| 23 | |

24  / / /

25  / / /

26  / / /

27

28

## <u>DECLARATION OF FAISAL M. ZUBAIRI</u>

I, Faisal M. Zubairi, declare as follows:

1.      I am a partner at the law firm of Dorsey & Whitney LLP, attorneys for Defendant Sprouts Farmers Market, Inc. ("Sprouts") in the above-captioned matter.  I submit this declaration in support of Sprouts' Notice of Removal of Action to the United States District Court.  I have personal knowledge of the facts set forth in this declaration, except as to those which are stated on information and belief, and could testify thereto if called upon to do so.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint that was served on Sprouts on September 8, 2022 in the action filed in the Superior Court of the State of California for the County of Orange entitled *Robert Cohen, individually and on behalf of all others similarly situated v. Sprouts Farmers Market, Inc., and Does 1 through 10, inclusive, and each of them*, Case No. 30-2022-01279027-CU-NP-CXC (the "State Court Action").

3.      The Complaint was served along with a Summons and Civil Case Cover Sheet.  True and correct copies of the Summons and Civil Case Cover Sheet are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

4.      I was also able to pull a copy of the complete Register of Actions for the State Court Action from the docket available for the Orange County Superior Court, which includes documents that were not served along with the Complaint.  Attached hereto as **Exhibit D** is a true and correct copy of the Register of Actions.  As set forth therein, in addition to the Summons, Civil Case Cover Sheet, and Complaint attached above, the documents listed below as Exhibits E through H have also been filed in and/or were also available for download from the Orange County Superior Court website in relation to the State Court Action.

5.      Attached hereto as **Exhibit E** is a true and correct copy of the September 22, 2022 Minute Order entered in the State Court Action.

6.      Attached hereto as **Exhibit F** is a true and correct copy of the Certificate of

Mailing regarding the September 22, 2022 Minute Order entered in the State Court Action.

7. Attached hereto as **Exhibit G** is a true and correct copy of the Receipt for Plaintiff's Fees in the State Court Action.

8. Attached hereto as **Exhibit H** is a true and correct copy of the Proof of Service filed by the plaintiff in the State Court Action. As set forth therein, the Summons and Complaint in the State Court Action were not served on Sprouts until September 8, 2022.

9. Sprouts is not aware of any other proceedings that have taken place in the State Court Action, and has not entered an appearance in the underlying action prior to the filing of this Notice of Removal.

10. As of the date of the filing of this Notice of Removal, I am not aware of any Doe defendant having been served with a copy of the Summons and Complaint in the State Court Action.

11. No other previous Notice of Removal has been filed in or made to this Court in connection with the State Court Action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 7th day of October 2022, at Costa Mesa, California.

_____
Faisal M. Zubairi

# EXHIBIT A

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

Assigned for All Purposes
Judge Glenda Sanders
cx-101

# SUPERIOR COURT OF CALIFORNIA
# FOR THE COUNTY OF ORANGE

ROBERT COHEN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them,

Defendants.

Case No.  30-2022-01279027-CU-NP-CXC

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

1.  THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT, 15 U.S.C. Section 1681(c)(g)(1)

**DEMAND FOR JURY TRIAL**

Plaintiff, Robert Cohen ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of SPROUTS FARMERS MARKET, INC. ("Defendant" or "Sprouts"), in negligently, knowingly, and/or willfully including extra credit card and debit card numbers on purchase receipts issued to Plaintiff and those consumers who are similarly situated, in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g)(1) thereby failing to protect consumer credit information.

## JURISDICTION & VENUE

2.     Jurisdiction is pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction..

3.     Venue is proper in the Superior Court of California for the County of Orange because Defendant does business within the State of California and Plaintiff resides within the County of Orange and the place where the incident took place was within the County of Orange.

## PARTIES

4.     Plaintiff, Robert Cohen, is a natural person residing in Tustin, California and is a "consumer" as defined by *15 U.S.C. § 1681a*.

5.     Defendant, SPROUTS FARMERS MARKET, INC., is a person that accepts credit cards or debit cards for the transaction of business within the meaning of the FACTA and is a "person" as defined by 15 U.S.C. §1681a.

6.     The above named Defendants, and their subsidiaries, agents, and franchisees, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein

Exhibit A, Page 6

as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     On or around August 3, 2022, Plaintiff went to Defendant's store at 1500 East Village Way, Orange, California 92865 multiple times and purchased madeleines, a smoothie, and other products from Defendant.  Plaintiff purchased these items with a Credit Card ending in -69 and a debit card ending in -01.

9.     Defendant printed an electronically-generated register receipt which displayed Plaintiff's six initial and last four credit card and debit card numbers in direct violation of FACTA.

10.     In relevant part, FACTA provides that:

   a) … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the card holder at the point or transaction of sale. (15 U.S.C. § 1681c(g)(1).)

11.     By printing seven additional card numbers of Plaintiff's credit and debit cards on receipts, Defendant has violated this provision of the statute.

12.     Defendant's actions constitute an irresponsible disregard for Plaintiff's and similarly situated consumers' credit information.

13.     Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agent

of Defendants handled many of these receipts and were aware that these receipts included the extra numbers of its customers credit and/or debit cards.

14.     Additionally, Plaintiff has made other purchases at Defendant's stores within the last year during which he has not taken his printed receipt, resulting in his printed receipt with his extra credit or debit card numbers being able to be stolen without his knowledge.

15.     It has been approximately twelve (12) years since the FACTA was originally passed to supplement the Fair Credit Reporting Act and has required compliance for all cash registers since December 4, 2006[1] .

16.     Those in the industry of engaging in consumer transactions have to incorporate the costs of legal liability into their overhead in order to obtain reasonable profits and margins, giving a strong incentive for those in the industry to obtain some understanding of the laws governing these consumer transactions, such as the FACTA.

17.     This is necessary for the fruition of the purpose of the statute to provide those engaging in consumer transactions and handling sensitive information to enact reasonable policies "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

18.     Accordingly, knowledge of the act has become more and more common place with many people posting popular online articles about the act.[3]

19.     The act has assimilated itself within the industry with the majority of businesses complying with the statute.

20.     Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agents of Defendant knew and should have known that they were engaging in the systematic illegal practice described above.

---

[1] *See 15 U.S.C.A. § 1681c.*
[2] *http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf.*
[3] *http://www.acc.com/legalresources/quickcounsel/tfaacta.cfm;*
*http://www.investopedia.com/terms/f/facta.asp;* and
*http://searchfinancialsecurity.techtarget.com/definition/FACTA.*

21.     There are costs associated with compliance with the FACTA, including buying new cash registers and/or paying an expert to come change the program that prints receipts in order to comply with the provisions of the FACTA.

22.     Defendant benefits from failing to comply with the provision of the FACTA in this way to the detriment of Plaintiff and Class members.

23.     Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agents of Defendant willfully engaged in the systematic illegal practice described above.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action individually and on behalf of all others similarly situated, under Cal. Civ. C. § 382, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than the last five digits of the person's credit card or debit card number.

25.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than five digits of the person's credit card or debit card number.

26.     Defendant, its employees and agents, and the presiding Judge and associated Court staff are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

28.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally printed out sensitive information of Plaintiff and Class members and disseminated it where it could be easily spotted in disregard of their duty to protect this information.

29.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the two years prior to the filing of this Complaint, Defendant printed out the last five digits of Plaintiff's and the Class member's credit and debit cards at the point of the sale and/or transaction;

b.     Whether Defendant knew or should have known that the receipts were printed out with the last five digits of Plaintiff's and the Class member's credit cards and/or debit cards at the point of the sale and/or transaction;

c.     Whether Defendant knew or should have known that the FACTA required that Defendant not print out receipts with the last five digits of Plaintiff's and the Class Member's credit cards and/or debit cards at the point of the sale and/or transaction;

d.     Whether Defendant willfully failed to comply with these provisions of FACTA;

e.     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f.     Whether Defendant should be enjoined from engaging in such conduct in the future.

30.     As a person that received a receipt at the point of the sale and/or transaction with Plaintiff's credit and debit card numbers, Plaintiff is asserting claims that are typical of The Class.

31.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

32.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

33.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

35.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FACTA, including but not limited to the above cited provisions of

*15 U.S.C. § 1681c(g)(1).*

37.    As a result of Defendant's negligent and willful violations *15 U.S.C. § 1681c(g)(1),* Plaintiff and the Class Members are entitled to actual damages and reasonable attorney's fees and costs, pursuant to *15 U.S.C. § 1681o.*

38.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

39.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

40.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing violations of the FACTA, including but not limited to the above cited provisions of *15 U.S.C. § 1681c(g)(1).*

41.    As a result of Defendants' knowing violations of *15 U.S.C. § 1681c(g)(1),* Plaintiff and the Class members are entitled an award of $1,000.00 in statutory damages or actual damages, whichever is greater, and reasonable attorneys fees and costs for each and every violation, pursuant to *15 U.S.C. § 1681n(b)(1).*

42.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

- As a result of Defendant's negligent violations of *15 U.S.C. § 1681c(g)(1),* Plaintiff and the Class members are entitled to actual damages, for each and every violation, pursuant to *15 U.S.C. § 1681o;*

- Injunctive relief; and
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

- As a result of Defendant's knowing violation of *15 U.S.C. § 1681c(g)(1)*, Plaintiff and the Class members are entitled to and request damages, as provided by statute, of actual damages or statutory damages for each and every violation, pursuant to *15 U.S.C. § 1681n(b)(1)*;
- Reasonable attorneys fees and costs, *15 U.S.C. § 1681n(b)(1);*
- Injunctive relief; and
- Any and all other relief that the Court deems just and proper.

**Plaintiff Respectfully Requests A Jury Trial In This Matter.**

Respectfully Submitted this 6th Day of September, 2022,


LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:

Todd M. Friedman
Law Offices of Todd M. Friedman
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**
-9-

**Exhibit A, Page 13**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT COHEN, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civil Complex Center

751 W. Santa Ana Blvd.
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*

30-2022-01279027-CU-NP-CXC

Judge Glenda Sanders

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, Meghan George 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

DATE: 09/06/2022     DAVID H. YAMASAKI, Clerk of the Court     Clerk, by _____ *G. Ramirez* _____, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit B, Page 15**

# EXHIBIT C

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, SBN 216752, Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364

TELEPHONE NO.: 323-306-4234  FAX NO. (Optional): 866-633-0228
E-MAIL ADDRESS: tfriedman@toddflaw.com
ATTORNEY FOR (Name): Plaintiff, Robert Cohen, individually and on behalf of all others similar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS: 751 W. Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Robert Cohen v. Sprouts Farmers Market, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2022-01279027-CU-NP-CXC |
| | | | JUDGE: | Judge Glenda Sanders |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

cx-101

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify):
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 6, 2022
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**Exhibit C, Page 17**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                      CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**Exhibit C, Page 18**

# EXHIBIT D

Case Summary:

| Case Id: | 30-2022-01279027-CU-NP-CXC |
|---|---|
| Case Title: | ROBERT COHEN VS. SPROUTS FARMERS MARKET, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 09/06/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 11035031 RECEIVED ON 09/06/2022 03:25:07 PM. | 09/07/2022 | | *NV* | |
| 2 | COMPLAINT FILED | 09/06/2022 | | 9 pages | ☐ |
| 3 | SUMMONS ISSUED AND FILED FILED | 09/06/2022 | | 1 pages | ☐ |
| 4 | CIVIL CASE COVER SHEET FILED | 09/06/2022 | | 2 pages | ☐ |
| 5 | PAYMENT RECEIVED BY LEGALCONNECT FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13102249 AND RECEIPT NUMBER 12930251. | 09/07/2022 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 09/06/2022. | 09/06/2022 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 01/04/2023 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/22/2022 | | *NV* | |
| 8 | THE CASE MANAGEMENT CONFERENCE IS SCHEDULED FOR 01/04/2023 AT 01:30 PM IN DEPARTMENT CX101. | 09/22/2022 | | *NV* | |
| 9 | MINUTES FINALIZED FOR CHAMBERS WORK 09/22/2022 11:28:00 AM. | 09/22/2022 | | 2 pages | ☐ |
| 10 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/22/2022 | | 3 pages | ☐ |
| 11 | E-FILING TRANSACTION 31212454 RECEIVED ON 09/28/2022 12:18:05 PM. | 09/28/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY COHEN, ROBERT ON 09/28/2022 | 09/28/2022 | | 3 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| SPROUTS FARMERS MARKET, INC. | DEFENDANT | | 09/07/2022 | |
| LAW OFFICES OF TODD M. FRIEDMAN,PC | ATTORNEY | | 09/07/2022 | |
| ROBERT COHEN | PLAINTIFF | | 09/07/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 01/04/2023 | 01:30 | CX101 | SANDERS |

Print this page

**Exhibit D, Page 20**

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

## MINUTE ORDER

DATE: 09/22/2022                TIME: 11:28:00 AM              DEPT: CX101

JUDICIAL OFFICER PRESIDING: Glenda Sanders
CLERK: L. Mora
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: D. Miranda

CASE NO: **30-2022-01279027-CU-NP-CXC**  CASE INIT.DATE: 09/06/2022
CASE TITLE: **Cohen vs. Sprouts Farmers Market, Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Non-PI/PD/WD tort - Other

---

EVENT ID/DOCUMENT ID: 73852442
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code §70616 shall pay the fee to the Clerk of the Court within ten calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Case Management Conference is scheduled for 01/04/2023 at 01:30 PM in Department CX101.**

CASE MANAGEMENT CONFERENCE:
**Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware**. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the CMC (Case Management Statement) form used for non-complex cases (Judicial Council Form CM-110).

ELECTRONIC FILING:
This case is subject to **mandatory electronic filing** pursuant to Superior Court Rules, County of Orange, Rule 352 and mandatory electronic service by order of this Court. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

---

DATE: 09/22/2022                                                        Page 1
DEPT: CX101                          MINUTE ORDER
                                                                        Calendar No.

**Exhibit E, Page 22**

CASE TITLE: Cohen vs. Sprouts Farmers Market, Inc.    CASE NO: **30-2022-01279027-CU-NP-CXC**

---

PROPOSED ORDERS:
All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

BOOKMARKING:
Bookmarking of exhibits to motions and supporting declarations - **The court requires strict compliance with CRC, rule 3.1110 (f) (4)** which requires electronic exhibits to include electronic bookmarks with the links to the first page of each exhibit, and with bookmarked titles that identify the exhibit number or letter and briefly describe the exhibit. CRC, rule 3.1110 (f) (4).

The court may continue a motion that does not comply with rule 3.1110 (f) (4) and require the parties to comply with that rule before resetting the hearing.

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX101–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX101.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

All counsel are ordered to appear remotely via ZOOM. If any party retains a court reporter, the reporter will be required to record the proceedings remotely.

IMPORTANT: Prior to the hearing date, the parties should check the Court's website for the most current instructions regarding how to appear for their hearing and to access services that are available to answer their questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

Clerk to give notice. Plaintiff is to give notice to any party not listed on the Clerk's Certificate of Mailing/Electronic Service and is to file a Proof of Service.

---

DATE: 09/22/2022                                          Page 2
DEPT: CX101                    MINUTE ORDER
                                              Calendar No.

**Exhibit E, Page 23**

# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Cohen vs. Sprouts Farmers Market, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01279027-CU-NP-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 09/22/22, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on September 22, 2022, at 12:11:39 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF TODD M. FRIEDMAN,PC
TFRIEDMAN@TODDFLAW.COM

Clerk of the Court, by: _____

_____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 09/22/2022              TIME: 11:28:00 AM          DEPT:  CX101

JUDICIAL OFFICER PRESIDING: Glenda Sanders
CLERK: L. Mora
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: D. Miranda

CASE NO: **30-2022-01279027-CU-NP-CXC**  CASE INIT.DATE: 09/06/2022
CASE TITLE: **Cohen vs. Sprouts Farmers Market, Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Non-PI/PD/WD tort - Other

---

EVENT ID/DOCUMENT ID: 73852442
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code §70616 shall pay the fee to the Clerk of the Court within ten calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Case Management Conference is scheduled for 01/04/2023 at 01:30 PM in Department CX101.**

CASE MANAGEMENT CONFERENCE:
**Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware**. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the CMC (Case Management Statement) form used for non-complex cases (Judicial Council Form CM-110).

ELECTRONIC FILING:
This case is subject to **mandatory electronic filing** pursuant to Superior Court Rules, County of Orange, Rule 352 and mandatory electronic service by order of this Court. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

---

**Exhibit F, Page 26**

CASE TITLE: Cohen vs. Sprouts Farmers Market, Inc.  CASE NO: **30-2022-01279027-CU-NP-CXC**

PROPOSED ORDERS:
All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

BOOKMARKING:
Bookmarking of exhibits to motions and supporting declarations - **The court requires strict compliance with CRC, rule 3.1110 (f) (4)** which requires electronic exhibits to include electronic bookmarks with the links to the first page of each exhibit, and with bookmarked titles that identify the exhibit number or letter and briefly describe the exhibit. CRC, rule 3.1110 (f) (4).

The court may continue a motion that does not comply with rule 3.1110 (f) (4) and require the parties to comply with that rule before resetting the hearing.

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX101–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX101.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

All counsel are ordered to appear remotely via ZOOM. If any party retains a court reporter, the reporter will be required to record the proceedings remotely.

IMPORTANT: Prior to the hearing date, the parties should check the Court's website for the most current instructions regarding how to appear for their hearing and to access services that are available to answer their questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

Clerk to give notice. Plaintiff is to give notice to any party not listed on the Clerk's Certificate of Mailing/Electronic Service and is to file a Proof of Service.

DATE: 09/22/2022  MINUTE ORDER  Page 2
DEPT: CX101  Calendar No.

**Exhibit F, Page 27**

# EXHIBIT G



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

751 W. Santa Ana Blvd
Santa Ana,  CA 92701

**PAYMENT RECEIPT**

**E-Filing Transaction #:** 11035031

**Receipt #:** 12930251

| Clerk ID: gramirez | | **Transaction No:** 13102249 | | **Transaction Date:** 09/07/2022 | | **Transaction Time:** 09:20:13 AM |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2022-01279027-CU-NP-CXC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| 30-2022-01279027-CU-NP-CXC | 34 - Complex Case Fee - Plaintiff | 1 | $1,000.00 | $1,000.00 | $1,000.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | Total: | $1,435.00 | Total Rem. Bal: |
| E-Filing :  - LegalConnect | | | | | | |

E-Filing:     $1,435.00

Total Amount Tendered:     $1,435.00

Change Due:     $0.00

Balance:     $0.00

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

**Exhibit G, Page 29**

# EXHIBIT H

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **TODD FRIEDMAN SBN 216752**<br>**Law Offices of Todd M. Friedman,PC**<br>**21031 Ventura Blvd. #340**<br>**Woodland Hills, CA 91364**<br><br>TELEPHONE NO.:  **(323) 306-4236**          FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*  **tfriedman@toddflaw.com**<br>ATTORNEY FOR *(Name):*     **Plaintiff** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CIVIL COMPLEX CENTER | |
|---|---|
| STREET ADDRESS:  751 W Santa Ana Blvd<br>MAILING ADDRESS:  751 W Santa Ana Blvd<br>CITY AND ZIP CODE:  Santa Ana, CA 92701<br>BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CIVIL<br>COMPLEX CENTER | |

| PLAINTIFF/PETITIONER:  Robert Cohen<br><br>DEFENDANT/RESPONDENT:  Sprouts Farmers Market, Inc. | CASE NUMBER:<br>30-2022-01279027-CU-NP-CXC |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.  I served copies of:  ***Complaint; Summons; Civil Case Cover Sheet***

3.   a.  Party served *(specify name of party as shown on documents served):* **Sprouts Farmers Markets, Inc.**

     b.  [ **x** ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
     under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
     **Koy Saechao, CSC Service of Process Intake Clerk**

4.  Address where the party was served: ***2710 Gateway Oaks Dr Ste 150N,  Sacramento, CA 95833***

5.  I served the party *(check proper box)*
    a.  [ **x** ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
    service of process for the party (1) on: **9/8/2022** (2) at: **02:49 PM**
    b.  [   ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or
    relationship to person indicated in item 3):*

        (1)  [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
        of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
        place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [   ]  **(physical address unknown)** a person of at least 18 years of  age apparently in charge at the usual
        mailing address of the person to be served, other than a United States Postal Service post office box. I
        informed him or her of the general nature of the papers.

        (4)  [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
        the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
            *on:*          *from*:              **or** [   ] a declaration of mailing is attached.

**Page 1 of 3**

**PROOF OF SERVICE OF SUMMONS**

**Invoice # 6404965**

**Exhibit H, Page 31**

| PLAINTIFF/PETITIONER: | Robert Cohen | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Sprouts Farmers Market, Inc. | 30-2022-01279027-CU-NP-CXC |

     (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on:                     (2)  from:

     (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

     (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** (*specify means of service and authorizing code section*):

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of (*specify*):

  c.  ☐  as occupant.

  d.  ☒  On behalf of (*specify*): **Sprouts Farmers Markets, Inc.**
     under the following Code of Civil Procedure section:

     ☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)

     ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

     ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

     ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

     ☐ 416.50 (public entity)         ☐ 415.46 (occupant)

                              ☐ other:

7.  **Person who served papers**

  a. Name: **Robert J.  Mason**

  b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**

  c. Telephone number: **909-664-9577**

  d. **The fee** for service was: **$80.00**

  e. I am:

     (1)  ☐  not a registered California process server.

     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

     (3)  ☒  a registered California process server:

        (i)   ☐ owner   ☐ employee   ☒ independent contractor.

        (ii)  Registration No.: **03-007**

        (iii) County: **Placer**

Invoice#: 6404965

**Exhibit H, Page 32**

| PLAINTIFF/PETITIONER: | Robert Cohen | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Sprouts Farmers Market, Inc. | 30-2022-01279027-CU-NP-CXC |

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Robert J.  Mason          Date: **09/22/2022**

Invoice#: 6404965

**Exhibit H, Page 33**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626-7655. On October 7, 2022, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:

**DECLARATION OF FAISAL M. ZUBAIRI IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT - FEDERAL QUESTION**

SERVED UPON:

Todd M. Friedman
tfriedman@toddflaw.com
Adrian R. Bacon
abacon@toddflaw.com
Meghan E. George
mgeorge@toddflaw.com
Thomas E. Wheeler
twheeler@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Boulevard, Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234 / Facsimile: (866) 633-0228
*Attorneys for Plaintiff*

☐ **(VIA U.S. MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(VIA ELECTRONIC MAILING SERVICE)** Complying with CCP Section 1010.6, my electronic business address is santos.maria@dorsey.com and I caused such document(s) to be electronically served to the interested parties at the e-mail addresses indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions were unsuccessful.

☐ **(VIA PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by Legal Solution Attorney Service, Inc. to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be provided upon request.

☒ **(VIA FEDERAL EXPRESS)** I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

Executed on October 7, 2022, at Irvine, California.

_____
Maria Santos

34
PROOF OF SERVICE

4853-8534-8405\1