Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1-10 Inclusive,<br><br>Defendants. | Case No.: 8:22-cv-01837-DOC<br><br>**NOTICE OF MOTION AND MOTION TO POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Hon. David O. Carter<br>Date: December 5, 2022<br>Time: 8:30 a.m.<br><br>Place: Courtroom 10A<br>           411 W. Fourth St.<br>           Santa Ana, CA 92701-4516 |

**NOTICE OF MOTION AND MOTION TO REMAND**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on December 5, 2022, at 8:30 a.m., before the Honorable David O. Carter in Courtroom 10A of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Plaintiff Robert Cohen ("Plaintiff") will and hereby does move for an order remanding this case back to the Superior Court of the State of California for County of Orange pursuant to 28 U.S.C. § 1447. The basis of this Motion is that the Ninth Circuit has made it abundantly clear that plaintiffs with claims under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 et. seq., do not have standing to pursue such claims in federal court. *See, e.g., Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. 2018) (Plaintiff in FACTA actions have no Article III standing); *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) (same); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 766 (9th Cir. 2018) (same). For these reasons, and as more fully explained in Plaintiffs' Memorandum in Support, concurrently filed herewith, Plaintiff's Motion to Remand should be granted.

Plaintiff's Motion consists of the instant Notice, the enclosed memorandum of points and authorities, the records on file in this case, and all other evidence or oral argument the Honorable Court may hear.

Pursuant to Local Rule 7-3, the parties met and conferred regarding the substance of this motion on October 20, 2022. Defendant was unwilling to stipulate to a remand.

Dated: October 27, 2022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: s/Thomas E. Wheeler
    Attorney for Plaintiff

- 1 -

**NOTICE OF MOTION AND MOTION TO REMAND**

## Memorandum of Points and Authorities

### I. Introduction

This case arises out of Defendant Sprouts Farmers Market, Inc.'s ("Defendant") printing of both the initial six and last four digits of Plaintiff Robert Cohen's ("Plaintiff") credit and debit cards on its receipts when Plaintiff made purchases from Defendant. Complaint ("Complaint") at ¶¶ 8-9. The first six digits of a card consist of the Issuer Identification Number ("IIN"), which identifies the financial institution issuing the card.[1] Such conduct is a black letter violation of FACTA, which specifically provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the card holder at the point or transaction of sale. (15 U.S.C. § 1681c(g)(1).)" *Id.* at ¶ 10. However, FACTA claims are not welcome in federal Court in the Ninth Circuit because the printing of these receipts does not create a real risk of identity theft sufficient to constitute an injury in fact to Plaintiff and thus it must be remanded.

Defendant, as the removing parties, bear the burden of demonstrating that Plaintiff has Article III standing. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir 1987). However, it cannot meet this burden because there is no standing for FACTA claims in the Ninth Circuit. *See Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. 2018) (Plaintiff in FACTA actions have no Article III standing); *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) (same); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 766 (9th

---

[1] *See, e.g.,* "Credit Card Numbers: What Do They Mean?", Forbes Advisor (October 18, 2022), *available at* https://www.forbes.com/advisor/credit-cards/what-does-your-credit-card-number-mean/#:~:text=The%20first%20six%20digits%20of,financial%20institution%20issuing%20the%20card.

- 2 -

**NOTICE OF MOTION AND MOTION TO REMAND**

Cir. 2018) (same). Because Defendant cannot prove Article III standing to justify federal jurisdiction, remand is required.

## II. Legal Standards

Defendant, as the removing party, bears the burden of establishing standing under Article III. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). The removal statutes are strictly construed in favor of remand. *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). This narrow construction in favor of remand protects the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where there is a failure of federal subject matter jurisdiction, state courts may adjudicate such claims because they are not bound by the standing constraints of Article III. *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1995 (9th Cir. 2016).

## III. Legal Argument

There is no Article III standing for FACTA claims where a defendant includes the IIN numbers in the Ninth Circuit such that Defendant can never satisfy its burden of proving such standing and this Court must remand for lack of subject matter jurisdiction. In *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776, 783 (9th Cir. 2018), the Court found that a bare procedural violation of FACTA does not convey standing because there is no risk of identity theft from the publication of an expiration date and that "theory of 'exposure' to identity theft is therefore 'too speculative for Article III purposes.'"

Directly on point, in *Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. 2018) and relying on *Bassett*, the Court reversed the district court's order on the motion to dismiss finding that there was no standing where "the first digit[s] of a credit card number merely identifies the brand of the card, and Congress has not prohibited printing the identity of the credit card issuer along

- 3 -

**NOTICE       OF       MOTION       AND       MOTION       TO       REMAND**

with the last five digits of the credit card number." This is exactly the issue alleged by Plaintiff here where Defendant published the first six digits consisting of the IIN in addition to the last four on its receipts. This is also not a defect that could even be "waived." In *Marshall v. Motel 6 Operating LP*, 825 F. App'x 527, 528 (9th Cir. 2020), the Court of Appeals *sua sponte* dismissed a case identical to this where the defendant had printed the IIN digits without either party even briefing or arguing the issue. Thus, there can be no standing under binding Ninth Circuit precedent and this case must be remanded.

An overwhelming number of courts in this district alone have come to the same conclusion. *Kamel v. Hibbett, Inc.*, No. 8:22-CV-01096-RGK-E, 2022 WL 2905446, at *2 (C.D. Cal. July 22, 2022); *Colin v. Alpargatas USA, Inc.*, CV 21-9394-GW-Ex, 2022 WL 557179, at *12 (C.D. Cal. February 4, 2022) (FACTA lawsuit remanded to state court when circuit court did not possess subject matter jurisdiction due to Plaintiff's lack of Article III standing); *Peskett v. Designer Brands, Inc.*, Case No. 2:20-cv-00563-FMO-AFM, 2020 WL 2519887, at *2 (C.D. Cal. May 18, 2020) (same); *Keim v. Trader Joe's Co.*, Case No. CV 19-10156 PSG, 2020 WL 564120, *8 (C.D. Cal. Feb. 5, 2020) (same); *Garcia v. Kahala Brands, Ltd.*, Case No. CV 19-10062-GW-JEMx, 2020 WL 265518, *3 (C.D. Cal. Jan. 16, 2020) (same); *Mendoza v. Pac. Theatres Entm't Corp.*, Case No. CV1909175CJCJCX, 2019 WL 6726088, *3 (C.D. Cal. Dec. 10, 2019) (same); *Alvarado v. Univ. of Southern California*, Case No. CV 17-3671-GW(AJWx), 2017 WL 8116092, at *4 (C.D. Cal. Sept. 21, 2017) (same). There is no reason for this Court to diverge from this clear result. Accordingly, this matter must be remanded.

IV. Conclusion

Defendant has failed to carry its burden to show Plaintiff has Article III standing and this action must be remanded to the Superior Court for the County of Orange where it was originally filed.

- 4 -

**NOTICE    OF    MOTION    AND    MOTION    TO    REMAND**

- 5 -

| | |
|---|---|
| Dated: October 27, 2022 | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| | s/ Thomas E. Wheeler_____ |
| | Thomas E. Wheeler |
| | Todd M. Friedman |
| | Adrian R. Bacon |
| | Attorneys for Plaintiff |

- 6 -

1  Filed electronically on this 27th Day of October, 2022, with:
2  United States District Court CM/ECF system.

3  Notification sent electronically on this 27th Day of October, 2022, to:

4
5  Hon. David O. Carter
   United States District Court
6  Central District of California
7  And All Counsel of Record as Recorded On The Electronic Service List

8

9

10 s/ Thomas E. Wheeler, Esq.
   THOMAS E. WHEELER
11