FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
ISAAC M. GABRIEL (SBN 325008)
gabriel.isaac@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
JESSICA M. LEANO (SBN 323677)
leano.jessica@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>             Defendants. | CASE NO.: 8:22-cv-01837 DOC (DFMx)<br><br>Honorable David O. Carter<br>Courtroom 10 A<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPROUTS FARMERS MARKET, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Filed concurrently with Notice of Motion and Motion, Declaration of Brandon Lombardi, and [Proposed] Order]<br><br>**Date: December 12, 2022**<br>**Time: 8:30 a.m.**<br>**Place: Courtroom 10A**<br>**     411 W. 4th Street**<br>**     Santa Ana, CA 92701**<br><br>Complaint Filed: September 6, 2022<br>Action Removed: November 7, 2022<br>Trial Date: None Set |

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ....................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ..............................2

    A.    Overview of FACTA and Plaintiff's Allegations ...............................2

    B.    Procedural History and Defendant's Domicile. ...................................5

III.    LEGAL STANDARD ...........................................................................5

IV.    ARGUMENT .......................................................................................6

    A.    The Conduct Alleged in the Complaint – Printing The First Six And Last Four Digits of a Card Number– Does Not Violate FACTA. .......................................6

    B.    The Complaint Fails to State a Claim For *Willful* FACTA Violations. ...............8

    C.    The Complaint Fails to State a Claim for *Negligent* FACTA Violations. .........10

    D.    The Court Lacks Personal Jurisdiction To Decide The Non-Resident, Putative Class Members' FACTA Claims. ...................................................13

V.    CONCLUSION ...................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................5, 11

*Bateman v. Am. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) ...............................................................2, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................5, 11

*Benny v. Pipes*,
   799 F.2d 489 (9th Cir. 1986) .................................................................13

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017)...........................................................................14

*Broderick v. 119TCbay, LLC*,
   670 F. Supp. 2d 612 (W.D. Mich. 2009) ...............................................6

*Coleman v. Exxon Mobil Corp.*,
   No. 1:17-CV-119-SNLJ, 2018 U.S. Dist. LEXIS 62831 (E.D. Mo. Apr.
   13, 2018) ...............................................................................................7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)........................................................................13, 14

*Dent v. NFL*,
   968 F.3d 1126 (9th Cir. 2020) ..............................................................10

*Engel v. Scully & Scully, Inc.*,
   279 F.R.D. 117 (S.D.N.Y. 2011) ..........................................................12

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
   141 S. Ct. 1017 (2021)...........................................................................13

*Ford v. Carnival Corp.*,
   553 F. Supp. 3d 765 (C.D. Cal. 2021) ..................................................12

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
    No. 13 Civ. 7174 (KPF), 2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July
    23, 2015) .........................................................................................................8, 9

*Gardiner v. Walmart, Inc.*,
    No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5,
    2021) .........................................................................................................11

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
    564 U.S. 915 (2011) ...............................................................................13, 14

*Grigoryan v. Experian*,
    84 F. Supp. 3d 1044 (C.D. Cal. 2014) ...................................................10

*Harris v. Wal-Mart Stores, Inc.*,
    No. 07 C 02561, 2008 U.S. Dist. LEXIS 97624 (N.D. Ill. Nov. 25, 2008) ...............12

*HomeAway.com v. City of Santa Monica*,
    918 F.3d 676 (9th Cir. 2018) ...................................................................5

*Huynh v. Quora, Inc.*,
    No. 18-cv-07597-BLF, 2020 WL 7408230, 2020 U.S. Dist. LEXIS
    240388 (N.D. Cal. June 1, 2020) .............................................................11

*Jackson v. Hayakawa*,
    682 F.2d 1344 (9th Cir. 1982) ...............................................................13

*Katz v. Donna Karan Co., L.L.C.*,
    872 F.3d 114 (2d Cir. 2017) ...................................................................7

*Kisliuk v. ADT Sec. Servs.*,
    263 F.R.D. 544 (C.D. Cal. 2008) .........................................................10, 11

*Krottner v. Starbucks Corp.*,
    406 F. App'x 129 (9th Cir. 2010).............................................................12

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ...............................................................10

*Mayall v. USA Water Polo, Inc.*,
    909 F.3d 1055 (9th Cir. 2018) ...............................................................10

*Moser v. Benefytt, Inc.*,
    8 F.4th 872 (9th Cir. 2021) .....................................................................13

iii

*Muchnik v. Sambodromo, LLC*,
  No. 08-21248-CIV-LENARD-GARBER, 2009 U.S. Dist. LEXIS 139258
  (S.D. Fla. May 18, 2009) ........................................................................12

*Noble v. Nevada Checker Cab Corp.*,
  726 F. App'x 582 (9th Cir. 2018) ..............................................................6

*Owino v. Corecivic, Inc.*,
  36 F.4th 839 (9th Cir. 2022) ............................................................. 13, 14

*In re Packaged Seafood Prods. Litig.*,
  338 F. Supp. 3d 1118 (S.D. Cal. 2018) ....................................................13

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .................................................................................14

*Reed v. Swatch Grp. (US), Inc.*,
  No. 14-896 (ES) (MAH), 2014 U.S. Dist. LEXIS 177653 (D.N.J. Dec.
  29, 2014) ..................................................................................................12

*Ruiz v. Gap, Inc.*,
  622 F. Supp. 2d 908 (N.D. Cal. 2009) ......................................................11

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) .....................................................................................8

*Seo v. CC CJV Am. Holdings, Inc.*,
  No. CV 11-05031 DDP, 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct.
  18, 2011) ........................................................................................ 8, 10, 11

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  996 F. Supp. 2d 942 (S.D. Cal. 2014) .......................................... 10, 11, 13

*Taylor v. Fred's, Inc.*,
  285 F. Supp. 3d 1247 (N.D. Ala. 2018) .....................................................7

*In re Toyota Motor Corp.*,
  826 F. Supp. 2d 1180 (C.D. Cal. 2011) ....................................................12

*In re Toys "R" Us*,
  No. MDL 08-01980 MMM, 2010 U.S. Dist. LEXIS 133583 (C.D. Cal.
  Aug. 17, 2010) ...........................................................................................7

iv

*Walsh v. Famous Dave's of Am., Inc.*,
    No. 4:08cv-183-SPM/WCS, 2008 U.S. Dist. LEXIS 69134 (N.D. Fla.
    Sep. 11, 2008) ................................................................................12

*Zaun v. J.S.H., Inc.*,
    No. 10-2190, 2010 U.S. Dist. LEXIS 102062 (D. Minn. Sep. 28, 2010) ...................12

**Statutes**

15 U.S.C. § 1681c(g)(1)............................................. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14

15 U.S.C. section 1681n ..........................................................................................8

28 U.S.C. section 1331 ...........................................................................................5

Pub. L. No. 110-241, 122 Stat. 1565 ....................................................................1, 3

Pub. L. 108-159, 117 Stat. 1952, 1959-60 (2003) .............................................2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ...........................................................10

Federal Rule of Civil Procedure 12(b)(2) ........................................... 2, 5, 12, 14

Federal Rule of Civil Procedure 12(b)(6)....................................... 1, 2, 5, 6, 7, 8, 9, 10, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the early 2000s, the federal government enacted the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1) ("FACTA"), which sought to combat identity theft by imposing fines for the intentional disclosure of certain consumer information on printed debit and credit card receipts.  In this putative class action, Plaintiff Robert Cohen ("Plaintiff") contends that Defendant Sprouts Farmers Market, Inc. ("Defendant" or "Sprouts") improperly allowed more information to be printed on his receipts than FACTA permits.

Yet neither Plaintiff's claim for *willful* nor *negligent* FACTA violations satisfies Federal Rule of Civil Procedure 12(b)(6)'s basic pleading standards.  First, Plaintiff overlooks case law holding that the conduct alleged here—printing the first six and last four digits of a credit or debit card number on a receipt—does not violate FACTA. Plaintiff further disregards the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), Pub. L. No. 110-241, 122 Stat. 1565, which Congress enacted in response to a boom of FACTA lawsuits like this one seeking possibly millions in damages for "technical" FACTA violations.  The Clarification Act confirmed that FACTA was meant to protect against actual harm resulting from the disclosure of consumer credit information, which information is neither included in nor discernable from merely the first six and last four digits of a card number on a printed receipt.

Even assuming *arguendo* that the inclusion of merely the first six and last four digits of a card number was sufficient to establish a FACTA violation, and it is not, Plaintiff alleges no facts to support a *willful* violation.  Rather, the Complaint conjectures that because FACTA was enacted over a decade ago, all businesses are uniformly aware of its requirements and necessarily act "knowingly" or "recklessly" if a FACTA violation ever occurs.  Plaintiff makes a logical leap, unsupported by any facts, and concludes that Defendant must have acted *willfully* with regard to Plaintiff's receipts.

/ / /

Plaintiff's claim for *negligent* FACTA violations similarly fails to allege facts sufficient to satisfy Rule 12(b)(6).  While Plaintiff's allegations regarding the increased risk of identity theft arising from access to the allegedly offending receipts by third parties may suffice to confer Article III standing to litigate in federal court, they are nevertheless insufficient to state a claim on which relief can be granted.  A claim based on negligence requires Plaintiff to allege facts sufficient to support the elements of both causation and damages.  Plaintiff's rote recitation of those elements without supporting facts is insufficient to sustain such a claim.

Finally, Defendant requests the Court dismiss the claims for willful and negligent FACTA violations that Plaintiff asserts on behalf of non-California, unnamed class members pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  The Court lacks personal jurisdiction to decide these class members' claims based on alleged FACTA violations occurring entirely outside of California, where, as here, Defendant is neither organized in nor maintains its principal place of business in California.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Overview of FACTA and Plaintiff's Allegations

The Complaint centers on alleged violations of FACTA, 15 U.S.C. § 1681c(g)(1). In 2003, the federal government enacted FACTA, which amended the Fair Credit Reporting Act (the "FCRA"), "[i]n an effort to combat identity theft."  *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010) (citing Pub. L. 108-159, 117 Stat. 1952, 1959-60 (2003)).  FACTA aims to prevent identity theft by requiring that:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business [] print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

A few years later, Congress clarified that "[t]he purpose of this Act [FACTA] is to ensure that consumers suffering from any actual harm to their credit or identity are

protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." *See* Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 at §2(b).

The Complaint asserts two claims based on FACTA: one for "negligent" violations and the other for "knowing" violations. (Compl., ¶¶35-42.)  Plaintiff's story is this: "[o]n or around August 3, 2022," Plaintiff went to a Sprouts store in the City of Orange, California "multiple times" and purchased items with his credit card or debit card. (Compl., ¶8.)   Plaintiff contends that "Defendant printed an electronically-generated registered receipt which displayed" his "six initial and last four credit card and debit card numbers in direct violation of FACTA." (Compl., ¶9.)  Plaintiff also claims to have made "other purchases" at unspecified Sprouts stores "within the last year," and that he did not always take his paper receipt.  (Compl., ¶14.)  This supposedly "result[ed] in his printed receipt with his extra credit or debit card numbers being able to be stolen within his knowledge."  (Compl., ¶14.)

According to Plaintiff, by printing the first six and last four digits of credit or debit card numbers on receipts, Defendant displayed irresponsible disregard for Plaintiff's and similarly situated consumers' credit information.  (Compl., ¶12.)  On information and belief, Plaintiff contends that "Defendant and/or agent [sic] of Defendant['s] handled many of these receipts and were aware that these receipts included the extra numbers of its customers['] credit and/or debit cards." (Compl., ¶13.)  Also on information and belief, Plaintiff concludes that "Defendant and/or agents of Defendant" knew or "should have known that they were engaging in the systematic illegal practice" of printing such receipts in violation of FACTA.  (Compl., ¶20.)

As to how Defendant or its agents "knew [or] should have known that they were engaging in" this "systematic illegal practice," Plaintiff speculates that "knowledge of the act has become more and more common place with many people posting popular online articles about the act."  (Compl., ¶18.)  Plaintiff tosses in that "approximately twelve (12)

years" have passed since FACTA's enactment, and those in the (nebulous) "industry of engaging in consumer transactions have to incorporate the costs of legal liability into their overhead in order to obtain reasonable profits and margins." (Compl., ¶16.) This gives "those in the industry" a "strong incentive to obtain some understanding of the laws governing these consumer transactions, such as the FACTA." (Compl., ¶16.) Plaintiff accuses Defendant of supposedly shirking FACTA's requirements to avoid "costs associated with compliance," which could include "buying new cash registers, and/or paying an expert to come change the program that prints receipts." (Compl., ¶21.) Plaintiff then concludes that Defendant "*willfully* engaged in the systematic illegal practice" alluded to in the Complaint. (Compl., ¶¶22-23) (emphasis added).

Beyond speculating about what Defendant may have known about FACTA and generalizing about what an industry at large has learned over the last decade, no allegations even hint that Defendant was aware that any of its point of sale systems may have printed supposedly non-compliant receipts. And despite summarily alleging that Plaintiff suffered damages "[a]s a result of Defendant's negligent and willful violations," (Compl. ¶37), Plaintiff fails to plead any facts in support of that conclusory assertion.

Based on those barebones allegations, Plaintiff brings this action on his behalf and on behalf of all others similarly situated, proposing to represent a class of:

> All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than the last five digits of the person's credit card or debit card number.

This proposed class apparently includes members who reside outside of California and/or received non-compliant receipts from debit or credit card purchases at Sprouts stores outside of California. (Compl., ¶¶24-25.).

/ / /

/ / /

**B.      Procedural History and Defendant's Domicile.**

Plaintiff filed a complaint against Defendant in the Orange County Superior Court on September 6, 2022.  (Dkt. No. 1, Exs. 1-2).  Defendant timely removed the action to this Court on October 7, 2022 on grounds of federal question jurisdiction under 28 U.S.C. section 1331 (Dkt. Nos. 1-3.); whereupon, the deadline to file this motion was extended to November 10, 2022. (Dkt. No. 4). Defendant is organized under the laws of the State of Delaware with its principal place of business in the State of Arizona.  *See* Declaration of Brandon Lombardi ("Sprouts Decl."), ¶¶3-4.

## III.   LEGAL STANDARD

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6), where, as here, it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (quotation marks and brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation" when ruling on a motion to dismiss.  *Id*.; *HomeAway.com v. City of Santa Monica*, 918 F.3d 676, 683 n.3 (9th Cir. 2018).

Plaintiff's conclusory and boilerplate allegations underlying his claims for violation of FACTA do not state any claims for relief, and the Court should dismiss the Complaint in its entirety.  In addition to which, the Complaint is also subject to dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction with respect to the unnamed, non-California putative class members' claims.

/ / /

/ / /

## IV.   ARGUMENT

### A.   The Conduct Alleged in the Complaint – Printing The First Six And Last Four Digits of a Card Number– Does Not Violate FACTA.

At the outset, the Complaint fails to satisfy Rule 12(b)(6) because the allegations, on their face, do not support a violation of FACTA.  FACTA prohibits printing "more than the last 5 digits of the card number or the expiration upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).  As to the permitted number of digits, courts have recognized that "the critical direct object of the sentence—the part of the sentence that answers the question of what 'no person . . . shall print . . .'—is unclear." *Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 617 (W.D. Mich. 2009).  Nonetheless, federal courts have interpreted FACTA as a prohibition on printing the last five digits of a card number *and* expiration date but *not* other, non-personally identifying information about the transaction. *Id.*  Reading FACTA so stringently would lead to an "absurd" result that would "prohibit printing the very information necessary to make the receipt useful, including a description of the item purchased." *Id.*  This practical interpretation is supported by the fact that businesses routinely include other types of information on receipts without raising any question of FACTA compliance. *Id.* at 614-15 (clarifying, for example, that "merchants may lawfully print in word form the brand name [of the card] on credit card receipts").

The Ninth Circuit has similarly interpreted FACTA to protect only personally-identifying information, rejecting a FACTA claim premised on the inclusion of the last five digits *and the first* digit of a card number on a receipt, as the first digit provided no further personally-identifying information about the consumer. *See Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582, 584 (9th Cir. 2018) ("[T]he first digit of a credit card number merely identifies the brand of the card, and Congress has not prohibited printing the identity of the credit card issuer along with the last five digits of the credit card number.").

/ / /

Other federal courts have agreed that printing the first *six* digits is insufficient to support a FACTA violation because they merely identify the issuing bank. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) ("As both the court below and other district courts have found, the first six digits of a credit card number constitute the IIN for the card's issuer, digits which can be easily obtained for any given issuer, including from the website discussed above."); *Coleman v. Exxon Mobil Corp.*, No. 1:17-CV-119-SNLJ, 2018 U.S. Dist. LEXIS 62831, at *10 (E.D. Mo. Apr. 13, 2018) ("[T]he first six digits of plaintiff's sixteen-digit credit card number do not convey any personal information about him. Instead, as plaintiff concedes, the first six digits identify only the bank that issued the card, and Congress does not prohibit printing the card issuer in word form on the receipt. In fact, each issuer's six-digit code is publicly available on the internet."); *Taylor v. Fred's, Inc.*, 285 F. Supp. 3d 1247, 1262 (N.D. Ala. 2018) ("[B]ecause printing the name of the particular card issuer is not prohibited by FACTA, the inclusion of the digits representing that same information cannot be material to the harm of identity theft (which FACTA seeks to prevent)."); *In re Toys "R" Us*, No. MDL 08-01980 MMM (FMOx), 2010 U.S. Dist. LEXIS 133583, at *53 (C.D. Cal. Aug. 17, 2010) ("[B]ecause Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress.").

Based on the foregoing, the conduct alleged in the Complaint—printing the first six digits and last four digits of a debit or credit card number on a receipt—does not disclose any more personally-identifying information about a consumer than what Congress has permitted to be printed on receipts.  Even taking Plaintiff's allegations as true, the facts alleged fail to state any violation of FACTA, willful or negligent.  Plaintiff's allegations thus fail to state a violation of the statute relied upon by the Complaint.  The Complaint, including all causes of action included therein, is accordingly subject to dismissal with prejudice pursuant to Rule 12(b)(6).

/ / /

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CASE NO. 8:22-CV-01837 DOC (DFMx)

**B.    The Complaint Fails to State a Claim For *Willful* FACTA Violations.**

Under 15 U.S.C. section 1681n, any person who *willfully* fails to comply with the requirements of FACTA may be found liable for actual damages, statutory damages, or punitive damages. Yet Plaintiff's Complaint contains no factual allegations, even accepting all the current allegations as true, to support any claim that Defendant *willfully* violated FACTA, if Defendant violated FACTA at all.  Instead, the Complaint concludes that "Plaintiff is informed, believes, and thereupon alleges[,] that Defendant and/or agents of Defendant *willfully* engaged in the systematic illegal practice described above." (Compl., ¶23) (emphasis added).  This deduction is not enough to satisfy Rule 12(b)(6).

The Ninth Circuit has made clear that to state a claim for a willful violation of a statute, the plaintiff must allege more than a "technical" violation.  *Bateman*, 623 F.3d at 714 n.4.  To be willful, *i.e.*, "knowing" or "reckless," "the defendant must have taken action involving 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Id.* at 711 n.1 (*quoting Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)).  In the context of a willful violation of FACTA, "it is not enough to show simply that there was awareness — either general or specific — of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements." *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 U.S. Dist. LEXIS 96903, at *10 (S.D.N.Y. July 23, 2015).

In *Seo v. CC CJV Am. Holdings, Inc.*, No. CV 11-05031 DDP (MRWx), 2011 U.S. Dist. LEXIS 120246, at *3-6 (C.D. Cal. Oct. 18, 2011), plaintiff asserted claims for willful and negligent FACTA violations against defendant.  Like the court in *Fullwood*, this Court in *Seo* similarly held that defendant's alleged membership in an organization that regularly sends legal updates, including about the FACTA requirements, was insufficient to establish that defendant knowingly ignored FACTA.  *Id.*  Rather, these cases confirm "[a] more precise formulation would be that a defendant willfully violates FACTA when it knows itself to be in violation of FACTA, or acts in a manner that entails an unjustifiably high risk of violating FACTA that is so obvious that it should be known." *Fullwood*, 2015

8

U.S. Dist. LEXIS 96903, at *10.  These facts are absent from the Complaint, which relies entirely on speculation as to Defendant's intent.

In fact, *Fullwood* sheds further light on how Plaintiff falls short of alleging any willfulness on Defendant's part, even if there was a FACTA violation.  Unlike in Plaintiff's Complaint, the complaint in *Fullwood did* include some factual allegations suggesting that the defendants were "*specifically and repeatedly* informed of FACTA's existence, applicability, and potential imposition of liability." 2015 U.S. Dist. LEXIS 96903, at *11 (emphasis added).  For instance, the *Fullwood* plaintiff alleged that the defendants had negotiated contractual provisions regarding FACTA and received "regular" statements, including from its bank and point of sale providers, referencing FACTA compliance.  *Id.* at *12.  Those pointed factual allegations in *Fullwood* were enough for that complaint to survive a motion to dismiss.  *Id.* at *12-13.  In contrast, Plaintiff alleges no such factual allegations in his Complaint with regard to any conduct by Defendant that could rise to the same level of "willfulness."  (*See generally*, Compl.).

Rather, the best Plaintiff can do is repeat that FACTA has been in place for "approximately twelve (12) years," speculate that "knowledge of the act has become more and more common place with many people posting online articles about the act," and deduce that "the act has assimilated itself within the industry with the majority of businesses complying with the statute."  (Compl., ¶¶15-19.)  Plaintiff leaves the reader guessing as to which "industry" he is referring or which "businesses" he perceives as complying with FACTA in ways Defendant does not.  (*See* Compl., ¶¶15-19.)  Based on these generalizations, Plaintiff assumes that Defendant "knew and should have known that [it] was engaging in the systematic illegal practice described" elsewhere in the Complaint, which rises to the level of "willfulness."  (Compl., ¶¶15-20.)  This is not enough.  Even assuming that Plaintiff alleged that information regarding FACTA was available to the Defendant—though the Complaint stops short of doing so—this Court has held that "[t]he fact that information about FACTA was available to [defendant] does nothing to support [plaintiff's] naked assertion that [defendant] was notified of FACTA's provisions and

knowingly ignored them.  *See Seo*, 2011 U.S. Dist. LEXIS 120246, at *5.

The Complaint accordingly fails to plead sufficient facts to state a plausible claim that Defendant "willfully" violated FACTA under Rule 12(b)(6), and is therefore subject to dismissal.

**C.    The Complaint Fails to State a Claim for *Negligent* FACTA Violations.**

Like Plaintiff's claim for a *willful* violation of FACTA, Plaintiff's claim for a *negligent* violation of FACTA is subject to dismissal for failure to meet Rule 12(b)(6)'s pleading requirements.  Four elements are the bedrock of any claim premised on negligence: duty, breach, causation, and damages.  *Dent v. NFL*, 968 F.3d 1126, 1130 (9th Cir. 2020) (citing *Mayall v. USA Water Polo, Inc.*, 909 F.3d 1055, 1060 (9th Cir. 2018). Claims for negligent violations of FACTA (which is an amendment to the FCRA), are therefore subject to dismissal, where, as here, they fail to plead facts sufficient to support any damages causally linked to Defendant's alleged misconduct.  *See Seo*, 2011 U.S. Dist. LEXIS 120246, at *3-6 (dismissing claim for "negligent noncompliance" of FACTA where, as here, plaintiff failed to plead facts sufficient to support his supposed "damages as a result of [defendant's] actions"); *Grigoryan v. Experian*, 84 F. Supp. 3d 1044, 1077-78 (C.D. Cal. 2014) ("To establish a negligent violation of § 1681i [of the FCRA] … plaintiff must prove that he incurred actual damages caused by the alleged violations.").

Plaintiff's claim for a negligent violation of FACTA cannot survive a motion to dismiss due to the glaring absence of any allegations suggesting that Plaintiff was *damaged* as a result of Defendant's purported wrongful conduct.[1]  *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 966 (S.D. Cal. 2014) ("[T]he existence of a legal duty and a corresponding breach are not the only elements required to state a claim for negligence—Plaintiffs must also allege appreciable, non-speculative harm proximately caused by [the defendant's] breach."); *Kisliuk v. ADT Sec. Servs.*, 263 F.R.D.

---

[1] As explained in more detail below, whether Plaintiff can state a claim under Rule 12(b)(6) is a separate inquiry from whether a plaintiff satisfies Article III.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

544, 548 (C.D. Cal. 2008) ("[A] cause of action for negligence cannot accrue until actual damages are sustained.").

As established *supra*, the Complaint does not allege that Plaintiff has actually been the victim of identity theft or the unauthorized use of his credit or debit card number.  (*See generally*, Compl.)   Rather, the only possible "injury" that can be gleaned from the allegations is that "Plaintiff has made other purchases at Defendant's stores within the last year[,] during which he has not taken his printed receipt, resulting in his printed receipt with his extra credit or debit card numbers *being able to be stolen* without his knowledge." (Compl., ¶14) (emphasis added).   This single, speculative paragraph mentioning the *possibility* that Plaintiff's personally-identifying information may be out in the ether, placing him at risk for identify theft is insufficient to plead a negligence claim that satisfies Rule 12(b)(6).  *See Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 915 (N.D. Cal. 2009) ("[T]he mere possibility that personal information may be at increased risk does not constitute actual injury sufficient to maintain a claim for negligence."); *Seo*, 2011 U.S. Dist. LEXIS 120246, at *3-6 (dismissing claim for "negligent noncompliance" of FACTA where plaintiff alleged no "actual damages as a result of [defendant's] actions").

While Plaintiff's allegations regarding the increased risk of identity theft arising from access to the allegedly offending receipts by third parties may suffice to confer Article III standing, they are insufficient to establish damages under *Twombly* and *Iqbal*'s pleading standards.  *See Gardiner v. Walmart, Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 at *12-14 (N.D. Cal. Mar. 5, 2021) (holding that while plaintiff's allegations regarding increased risk of identity theft resulting from disclosure of personal information to third parties was sufficient to confer Article III standing, plaintiff failed to adequately plead damages sufficient to support a negligence claim); *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2020 WL 7408230, 2020 U.S. Dist. LEXIS 240388 at *16-17 (N.D. Cal. June 1, 2020) (same); *In re Sony Gaming*, 996 F. Supp. 2d at 963 ("While Plaintiffs have currently alleged enough to assert Article III standing to sue based on an increased risk of future harm, the Court finds such allegations insufficient to sustain a negligence claim

….”); *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (holding that plaintiffs' ability to satisfy the injury-in-fact requirement for purposes of Article III standing did not necessarily establish that they adequately pled damages to state a claim); *In re Toyota Motor Corp.*, 826 F. Supp. 2d 1180, 1207 (C.D. Cal. 2011) (granting motion to dismiss negligence claim for failure to adequately plead damages despite concluding that the plaintiff's theory of damages was sufficient to confer Article III standing).

District courts outside of the Ninth Circuit similarly grant motions to dismiss claims for negligent FACTA violations, where, as here, the complaint lacks any allegations of actual harm to the plaintiff caused by the defendant's conduct.[2] Plaintiff's rote recitation of the negligence elements, including the conclusion that he is entitled to damages "[a]s a result of Defendant's negligent and willful violations" of FACTA, without actually alleging any other facts to support either causation or damages, is also insufficient. *See Ford v. Carnival Corp.*, 553 F. Supp. 3d 765, 770 (C.D. Cal. 2021) ("Conclusory

---

[2] *See, e.g.*, *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 125-26 (S.D.N.Y. 2011) (granting motion to dismiss claim for negligent violation of FACTA where plaintiff alleged only an "exacerbated risk of identity theft" or credit card fraud for damages); *Zaun v. J.S.H., Inc.*, No. 10-2190 (DWF/JJK), 2010 U.S. Dist. LEXIS 102062, at *6-7 (D. Minn. Sep. 28, 2010) (holding, in FACTA case, that "[a]t best, [plaintiff's] allegations could state a claim for negligence, not willfulness, but, as stated above, [plaintiff] has acknowledged that he cannot succeed on a negligence claim because he cannot demonstrate actual damage"); *Muchnik v. Sambodromo, LLC*, No. 08-21248-CIV-LENARD-GARBER, 2009 U.S. Dist. LEXIS 139258, at *3-6 (S.D. Fla. May 18, 2009) (dismissing claim for negligent violation of FACTA where plaintiff alleged that the printing of her card expiration date on a receipt caused her emotional distress and out of pocket expenses but not "that her identity was stolen or that she suffered any damage to her credit"); *Harris v. Wal-Mart Stores, Inc.*, No. 07 C 02561, 2008 U.S. Dist. LEXIS 97624, at *5-6 (N.D. Ill. Nov. 25, 2008) (granting motion to dismiss "negligence-based FACTA claim" where plaintiff alleged no "actual harm" to their "credit or identity"); *Walsh v. Famous Dave's of Am., Inc.*, No. 4:08cv-183-SPM/WCS, 2008 U.S. Dist. LEXIS 69134, at *8 (N.D. Fla. Sep. 11, 2008) (clarifying that "[t]he consumer's right to sue for negligence is preserved if actual harm occurs as a result" of the FACTA violation); *see also Reed v. Swatch Grp. (US), Inc.*, No. 14-896 (ES) (MAH), 2014 U.S. Dist. LEXIS 177653, at *5-6 (D.N.J. Dec. 29, 2014) ("[I]f a plaintiff sustains no actual damage for identity theft, the plaintiff must allege that defendant's violation was willful.").

allegations or allegations that are no more than a statement of a legal conclusion" cannot defeat a motion to dismiss); *In re Sony Gaming*, 903 F. Supp. 2d at 962-63 (holding that the damages element inadequately pled "without specific factual statements" and was therefore "insufficient to sustain a negligence claim").

Plaintiff's claim for negligent FACTA violations is therefore subject to dismissal for failure to plead facts sufficient to support the essential causation and damages elements of such a claim.

**D.    The Court Lacks Personal Jurisdiction To Decide The Non-Resident, Putative Class Members' FACTA Claims.**

Finally, Defendant seeks dismissal of the non-California, putative class members' FACTA claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[3]   There are two types of personal jurisdiction: general, or "all-purpose," jurisdiction and specific, or "case-linked," jurisdiction.   *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

A business entity is subject to general jurisdiction in the states where it is incorporated and/or has its principal place of business.   *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *In re Packaged Seafood Prods. Litig.*, 338 F. Supp. 3d 1118, 1139 n. 14 (S.D. Cal. 2018) (finding a limited liability corporation subject to the general jurisdiction of the states encompassing its principal place of business and where it was incorporated).   Sprouts is incorporated in Delaware, and its principal place of business is in Arizona.   (Sprouts Decl., ¶¶3-4).   Since neither provides an avenue to California, Plaintiff must establish that this is the "exceptional case" where Sprouts' contacts with

---

[3] While recent Ninth Circuit decisions counsel that a motion to dismiss unnamed, non-resident class members for lack of personal jurisdiction may appropriately be made after class certification, *see, e.g.*, *Owino v. Corecivic, Inc.*, 36 F.4th 839, 847 (9th Cir. 2022); *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021), it is also well-settled that a defect in personal jurisdiction can be waived if not raised in the first responsive pleading.   *See, e.g.*, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (same).   Defendant is hereby expressly preserving its personal jurisdiction defense in the event that the Court finds that this challenge is premature.

California are so "substantial" or "systematic" that it should be expected to defend itself in California for any dispute. *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014).

All Plaintiff alleges is that Sprouts "does business within the State" and that "the incident" giving rise to Plaintiff's claims "took place" in California. (Compl., ¶3.) The U.S. Supreme Court has already held that boilerplate allegations akin to "defendant operates in California, among other states," do not make an "exceptional case" that subjects the defendant to California's general jurisdiction. *See Daimler AG*, 134 S. Ct. at 761, 762, n.20) (declining to approve the exercise of general jurisdiction in every State in which a corporation engaged in substantial and continuous business). Since California has no general jurisdiction over Sprouts, Plaintiff's only recourse to keep the non-California, unnamed class members' claims before this Court is to establish that there is specific jurisdiction over those class members' FACTA claims.

Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. The Court cannot exercise specific jurisdiction over the non-California class members' claims for negligent or willful violations of FACTA because Defendant's alleged conduct as to those class members—printing "more than the last five digits of the person's credit card or debit card number"—took place outside of California. (Compl., ¶¶24-25 (alluding to "transaction[s] occurring nationwide".) *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (reversing California Supreme Court's finding of specific jurisdiction over the claims by nonresident plaintiffs whose alleged injuries took place out of state in a mass tort action because "traditional notions of fair play and substantial justice" require an "affiliation between the forum and the underlying controversy"); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985) (requiring "jurisdiction over every plaintiff whose claim it seeks to adjudicate, sufficient to support a defense of res judicata in a later suit for damages by class members").

Whether determined now or later, the non-California class members' FACTA claims are subject to dismissal for lack of personal jurisdiction. *See Owino*, 36 F. 4th at

14

847 (holding that a "Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members" may be raised after a class is certified).

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) with prejudice.  In addition, Defendant respectfully requests the Court also dismiss claims asserted on behalf of non-California class members for lack of personal jurisdiction under Rule 12(b)(2), and reserves its right to seek dismissal on that basis if the Court finds this request is premature.

DATED:  November 10, 2022                    DORSEY & WHITNEY LLP


By: */s/Faisal M. Zubairi*
      FAISAL M. ZUBAIRI
      ISAAC M. GABRIEL
      NAVDEEP K. SINGH
      JESSICA M. LEANO
      Attorneys for Defendant SPROUTS
      FARMERS MARKET, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

***Robert Cohen v. Sprouts Farmers Market, Inc.,***
***United States District Court for the Central District of California***
***Case No.: 8:22-cv-01837 DOC (DFMx)***

I hereby certify on November 10, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be automatically served by the CM/ECF System.

DATED:  November 10, 2022                    DORSEY & WHITNEY LLP

By:     */s/Faisal M. Zubairi*
         Faisal M. Zubairi

CERTIFICATE OF SERVICE
CASE NO. 8:22-CV-01837 DOC (DFMx)