FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
ISAAC M. GABRIEL (SBN 325008)
gabriel.isaac@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
JESSICA M. LEANO (SBN 323677)
leano.jessica@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | CASE NO: 8:22-cv-01837 DOC (DFMx)<br><br>Honorable David O. Carter<br>Courtroom 10 A<br><br>**DEFENDANT SPROUTS FARMERS MARKET, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:     **December 5, 2022**<br>Time:    **8:30**<br>Ctrm:    **10A**<br><br>Complaint Filed: September 6, 2022<br>Trial Date: None Set |

///

<small>
</small>

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND...........................................2

    A. Overview of FACTA and Plaintiff's Allegations ............................................2

III. RELEVANT LEGAL STANDARDS....................................................................3

IV. ARGUMENT ........................................................................................................5

    A. Plaintiff's Claim for *Negligent* FACTA Violations and Related Factual Allegations Confer Article III Standing. .........................................5

    B. Plaintiff's Standing Analysis Relies On Distinguishable FACTA Cases, None of Which Obligate This Court To Remand This Case. .........................8

        1. The Ninth Circuit Cases...................................................................8

        2. The District Court Orders ...............................................................10

V. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarado v. Univ. of S. Cal.*,
  No. CV 17-3671-GW(AJWx), 2017 U.S. Dist. LEXIS 236478 (C.D. Cal. Sep. 21, 2017) ................................................................................................ 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 4, 5

*Bassett v. ABM Parking Services, Inc.*,
  883 F.3d 776 (9th Cir. 2018) ............................................................. 7, 8, 9, 10, 11

*Bateman v. Am. Multi-Cinema, Inc.*,
  623 F.3d 708 (9th Cir. 2010) ................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 4, 5

*Colin v. Alpargatas USA, Inc.*,
  No. CV 21-9394-GW-Ex, 2022 U.S. Dist. LEXIS 32162 (C.D. Cal. Feb. 4, 2022) ................................................................................................................ 11

*Daley v. Walmart Stores, Inc.*,
  2018 U.S. Dist. LEXIS 105135 (C.D. Cal. June 1, 2018) .............................. 3

*Dent v. NFL*,
  968 F.3d 1126 (9th Cir. 2020) ............................................................................ 5

*Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*,
  204 F.3d 149 (4th Cir. 2000) (en banc) ............................................................ 6

*Garcia v. Kahala Brands, Ltd.*,
  No. CV 19-10062-GW-JEMx, 2020 U.S. Dist. LEXIS 8816 (C.D. Cal. Jan. 16, 2020) .................................................................................................... 11

*Gardiner v. Walmart, Inc.*,
  No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5, 2021) ........................................................................................................................ 4

*Gill v. Whitford*,
  138 S. Ct. 1916 (2018) ............................................................................................ 4

*Huynh v. Quora, Inc.*,
 No. 18-cv-07597-BLF, 2020 U.S. Dist. LEXIS 240388 (N.D. Cal. June
 1, 2020) ......................................................................................................... 4

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
 996 F. Supp. 2d 942 (S.D. Cal. 2014) ........................................................... 5

*In re Zappos.com, Inc.*,
 888 F.3d 1020 (9th Cir. 2018) .................................................................. 6, 7

*Kamel v. Hibbett, Inc.*,
 No. 8:22-cv-01096-RGK-E, 2022 U.S. Dist. LEXIS 130753 (C.D. Cal.
 July 22, 2022) ......................................................................................... 11, 12

*Keim v. Trader Joe's Co.*,
 No. CV 19-10156 PSG, 2020 U.S. Dist. LEXIS 20325 (C.D. Cal. Feb. 5,
 2020) ........................................................................................................... 11

*Krottner v. Starbucks Corp.*,
 406 F. App'x 129 (9th Cir. 2010) ............................................................. 4, 7

*Krottner v. Starbucks Corp.*,
 628 F.3d 1139 (9th Cir. 2010) ....................................................................... 6

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ....................................................................................... 4

*Marshall v. Motel 6 Operating LP*,
 825 F. App'x 527 (9th Cir. 2020) ................................................... 9, 10, 11

*Maya v. Centex Corp.*,
 658 F.3d 1060 (9th Cir. 2011) .................................................................. 3, 4

*Mayall v. USA Water Polo, Inc.*,
 909 F.3d 1055 (9th Cir. 2018) ....................................................................... 5

*Mendoza v. Pac. Theatres Entm't Corp.*,
 No. CV 19-09175-CJC, 2019 U.S. Dist. LEXIS 213798 (C.D. Cal. Dec.
 10, 2019) ..................................................................................................... 11

*Nayab v. Cap. One Bank USA*,
 942 F.3d 480 (9th Cir. 2019) ..................................................................... 6, 7

*Noble v. Nevada Checker Cab Corp.*,
 726 F. App'x 582 (9th Cir. 2017) ................................................... 9, 10, 11

iii
NOTICE OF MOTION AND MOTION TO DISMISS

<2003>
<2003>

*Peskett v. Designer Brands, Inc.*,
  No. CV 20-0563 FMO, 2020 U.S. Dist. LEXIS 86797 (C.D. Cal. May
  18, 2020) ............................................................................................................. 11

*Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*,
  44 F.4th 867 (9th Cir. 2022) ................................................................................ 3

*Sorrels v. McKee*,
  290 F.3d 965 (9th Cir. 2002) ............................................................................. 11

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ............................................................................................ 4

*Van v. LLR, Inc.*,
  962 F.3d 1160 (9th Cir. 2020) .................................................................. 4, 6, 7

**Statutes**

15 U.S.C. § 1681c(g)(1) ............................................................................................ 2

28 U.S.C. § 1331 ....................................................................................................... 1

Credit and Debit Card Receipt Clarification Act of 2007,
  Pub. L. No. 110-241, 122 Stat. 1565 ................................................................. 2

Fair and Accurate Credit Transactions Act,
  15 U.S.C. § 1681 et. seq. ............................................... 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12

Fair Credit Reporting Act ............................................................................ 2, 6, 7, 12

Pub. L. 108-159, 117 Stat. 1952, 1959-60 (2003) .................................................... 2

**Other Authorities**

Ninth Circuit Rule 36-3 ............................................................................................ 9

Fed. R. App. P. 32.1 ................................................................................................. 9

Federal Rule of Civil Procedure 12(b)(6) ................................................... 1, 2, 3, 5

Rule 12(b)(1) ............................................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Robert Cohen ("Plaintiff") filed a putative class action in Orange County Superior Court claiming that Defendant Sprouts Farmers Market, Inc. ("Defendant" or "Sprouts") issued a receipt displaying more digits of his debit or credit card number than is allowed by the federal Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 et. seq. ("FACTA"). Plaintiff's Complaint asserts two claims on behalf of himself and a proposed nationwide class of unnamed individuals, who Plaintiff speculates may have received similar receipts at any number of Sprouts stores across the country, including claims for: (1) *willful* FACTA violations; and (2) *negligent* FACTA violations.[1] Sprouts properly removed this action based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because the Complaint alleges only violations of a federal statute – FACTA.

Plaintiff's contention that the "Ninth Circuit has made it abundantly clear that plaintiffs with claims under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 et. seq., do not have standing to pursue such claims in federal court," sweeps too broadly. While this is a FACTA case, it presents a substantially different situation than the case law relied upon by Plaintiff, which only deals with claims for intentional, or "willful," FACTA violations. First, this case is different because Plaintiff alleges a negligence claim, which confers Article III standing because it requires Plaintiff to plead and prove both causation and damages. As such, notwithstanding that Plaintiff's Complaint is subject to challenge for failure to state a claim,[2] Plaintiff's inclusion of a negligence claim based on the contention that he and other unnamed class members have allegedly been harmed by FACTA violations is sufficient to satisfy the Article III standing requirement.

---

[1] While Plaintiff has filed a First Amended Complaint on the date that this Opposition was due, as explained below, the Court ascertains jurisdiction at the time of removal.

[2] As explained in more detail below, the standard applicable to this threshold standing inquiry is not the same as on a motion to dismiss. Sprouts' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss the FACTA claims is currently pending. *See* Dkt. No. 12.

Second, unlike the case law relied upon by Plaintiff, Plaintiff does not merely allege that Defendant once issued him a receipt containing more information than is allowed by FACTA. Rather, Plaintiff further alleges that "he made other purchases at Defendant's stores within the last year during which he has not taken his printed receipt, resulting in his printed receipt with his extra credit or debit card numbers being able to be stolen without his knowledge." Although these facts are ultimately insufficient to establish each of the elements required to sustain a negligence claim under Federal Rule of Civil Procedure 12(b)(6), the Ninth Circuit has acknowledged that the inclusion of such additional facts may nevertheless be sufficient to confer Article III standing.

For these and the following reasons, Defendant respectfully requests the Court to accordingly deny Plaintiff's Motion to Remand.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Overview of FACTA and Plaintiff's Allegations

In 2003, the federal government enacted FACTA, which amended the Fair Credit Reporting Act or "FRCA," "[i]n an effort to combat identity theft." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010) (citing Pub. L. 108-159, 117 Stat. 1952, 1959-60 (2003)). FACTA aims to prevent this *actual harm* to consumers' credit or identities by requiring that:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business [] print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1) (emphasis added). A few years later, Congress clarified that the purpose of FACTA is to protect "consumers suffering from any actual harm to their credit or identity" from the use of credit or debit cards. Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565.

The Complaint asserts two claims based on FACTA: one for willful and the other for negligent violations. (Dkt. No. 1 at pp. 8-16 of 37: Plaintiff's Original Complaint ("Compl."), ¶¶35-42.)[3] Plaintiff's story is this: "[o]n or around August 3, 2022," Plaintiff went to a Sprouts store in Orange, California "multiple times" and purchased items with his credit card or debit card. (Compl., ¶8.) Plaintiff contends that "Defendant printed an electronically-generated registered receipt which displayed" his "six initial and last four credit card and debit card numbers in direct violation of FACTA." (Compl., ¶9.) Plaintiff also claims to have made "other purchases" at unspecified Sprouts stores "within the last year," and that he did not always take his paper receipt for these transactions. (Compl., ¶14.) This supposedly "result[ed] in his printed receipt with his extra credit or debit card numbers being able to be stolen within his knowledge." (Compl., ¶14.)

Plaintiff proposes to represent a class of:

> All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than the last five digits of the person's credit card or debit card number.

This apparently includes members who reside outside of California and/or received non-compliant receipts from debit or credit card purchases at Sprouts stores outside of California. (Compl., ¶¶ 24-25.)

## III. RELEVANT LEGAL STANDARDS

"Whether a plaintiff has [Article III] standing (and thus, whether the court has jurisdiction) is a 'threshold question' that 'is distinct from the merits of his claim.'" *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 879 (9th Cir. 2022) (*quoting Maya v.*

---

[3] Plaintiff filed a First Amended Complaint on the same date as this Opposition was due; however, "the weight of authority requires the Court ascertain jurisdiction at the time of removal…." *Daley v. Walmart Stores, Inc.*, No. SA CV 18-0518-DOC (GJSx), 2018 U.S. Dist. LEXIS 105135 at *11-12 (C.D. Cal. June 1, 2018). Like Plaintiff's Motion to Remand, this Opposition is therefore focused on the allegations of the original complaint.

*Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (distinguishing the threshold Article III standing inquiry under Rule 12(b)(1) from a Rule 12(b)(6) challenge, the latter of which addresses plaintiff's burden to state a plausible claim that can survive a motion to dismiss)).  While the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), require Plaintiff to plead facts sufficient to support each element of each of his claims under Rule 12(b)(6), "*Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context because … '[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits.'" *Maya*, 658 F.3d at 1068.

Article III standing exists where the plaintiff alleges that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van v. LLR, Inc.*, 962 F.3d 1160, 1162 (9th Cir. 2020) (*citing* and *quoting Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  For purposes of Article III standing, "[a]n 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

It is well-settled that "the allegations required to sufficiently plead injury-in-fact for purposes of Article III standing are not the same as those required to plead damages" in order to sustain a negligence claim.  *See Gardiner v. Walmart, Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 at *12-14 (N.D. Cal. Mar. 5, 2021) (holding that while plaintiff's allegations regarding increased risk of identity theft resulting from disclosure of personal information to third parties was sufficient to confer Article III standing, plaintiff failed to adequately plead damages sufficient to support a negligence claim); *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2020 U.S. Dist. LEXIS 240388 at *16-17 (N.D. Cal. June 1, 2020) (same); *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (holding that plaintiffs-appellants' ability to satisfy the injury-in-fact requirement for purposes of Article III standing did not necessarily establish that they adequately pled

damages to state a claim).  As in *Gardiner*, 2021 U.S. Dist. LEXIS 75079 at *12-14 and *Huynh*, 2020 U.S. Dist. LEXIS 240388 at *16-17, while the increased risk of identity theft arising from access to Plaintiff's information (the allegedly offending receipts in this case) might not be sufficient to sustain a claim pursuant to the *Twombly* and *Iqbal* pleading standard, as explained in more detail below, it is nevertheless sufficient to confer Article III standing.  *See also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 963 (S.D. Cal. 2014) ("While Plaintiffs have currently alleged enough to assert Article III standing to sue based on an increased risk of future harm, the Court finds such allegations insufficient to sustain a negligence claim ….").

IV.   ARGUMENT

   A.   **Plaintiff's Claim for *Negligent* FACTA Violations and Related Factual Allegations Confer Article III Standing.**

Plaintiff's inclusion of a negligence-based claim requires Plaintiff to plead duty, breach, causation, and damages.  *See Dent v. NFL*, 968 F.3d 1126, 1130 (9th Cir. 2020) (*citing Mayall v. USA Water Polo, Inc.*, 909 F.3d 1055, 1060 (9th Cir. 2018) (clarifying that a negligence claim requires a plaintiff to "plead the existence of a duty, a breach of that duty, and damages proximately caused by the breach")).  While the question of whether the Complaint actually pleads facts sufficient to sustain a claim for negligent FACTA violations under Rule 12(b)(6) is the subject of Sprouts' currently pending motion to dismiss (*see* Dkt. No. 12), Plaintiff's inclusion of such a claim necessarily means that Plaintiff is seeking redress for harm allegedly caused by Defendant's purported FACTA violations.  In that regard, Plaintiff's negligence claim does summarily contend that Plaintiff and the putative class members are entitled to damages "[a]s a result of Defendant's negligent" FACTA violations. (Compl. ¶37).  As such, Plaintiff's claim for negligent FACTA violations is sufficient to confer Article III standing.

Plaintiff's Motion to Remand argues that neither of his FACTA claims are subject to adjudication by this Court "because the printing of these receipts does not create a real risk of identity theft sufficient to constitute an injury in fact to Plaintiff[,] and thus [the

action] must be remanded." (Dkt. No. 10, at 3.). Plaintiff's Complaint, on the other hand, alleges that Plaintiff and the putative class members "**were harmed** by the acts of Defendant" in one or more ways. (Compl., ¶¶14, 28) (emphasis added). In addition to claiming that he was provided with one or more receipts that included more information than is allowed under FACTA by Defendant on August 3, 2022, Plaintiff alleges that he "made other purchases at Defendant's stores within the last year **during which he has not taken his printed receipt**, resulting in his printed receipt with his extra credit or debit card numbers being able to be stolen without his knowledge." (Compl., ¶¶14-28) (emphasis added). Plaintiff further claims that he and the putative class members "**were harmed** by the acts of Defendant in at least the following ways: Defendant illegally printed out sensitive information of Plaintiff and Class members and disseminated it where it could be easily spotted in disregard of their duty to protect this information." (Compl., ¶28) (emphasis added).

Indeed, the Ninth Circuit has found an array of similar allegations sufficient to confer Article III standing in the consumer identity/credit arena. In *In re Zappos.com, Inc.*, 888 F.3d 1020, 1029 (9th Cir. 2018), the court found, in a putative class action alleging a hacked online merchant failed to protect consumers' personally-identifying information, that the plaintiffs "sufficiently alleged an injury in fact based on a substantial risk that the [website's] hackers will commit identity fraud or identity theft." And in *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010), a case involving a stolen laptop containing current and former employees' "unencrypted personal data," the court found that the "increased risk of future identity theft" was sufficient to confer standing, even though the plaintiffs did not claim that any identity theft "actually occurred." *Id.*; see *Nayab v. Cap. One Bank USA*, 942 F.3d 480, 493 (9th Cir. 2019) (finding Article III standing in an FCRA case when "a third-party obtains [plaintiff's] credit report without a purpose authorized by the statute, regardless whether the credit report is published or otherwise used by that third-party"); see also *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 160 (4th Cir. 2000) (en banc) ("[T]he injury-in-fact

6
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO. 8:22-CV-01837 DOC (DFMx)

requirement can be satisfied by a threat of future harm or by an act which harms the plaintiff only by increasing the risk of future harm that the plaintiff would have otherwise faced, absent the defendant's actions.").

Critical to Article III standing in this action, Plaintiff alleges that he and the putative class members have been harmed and the harm is traceable to Defendant's FACTA violations. (Compl., ¶¶14, 28.) Plaintiff specifically avers that he did not always take his receipts from the Sprouts store, and that he received *more than one* such receipt that may have landed in the hands of a third-party or third *parties*, and, assuming Plaintiff's interpretation of FACTA is correct (and it is not), the third-party or parties can reap the benefits of the extra card digits on the receipts and steal Plaintiff's identity. (Compl., ¶¶8-14.) By so contending, Plaintiff aligns his case with those in which the courts have found Article III standing based on the possibility of future identity theft or the fact that a third-party might possess something that would assist in stealing an identity or otherwise harming the consumer's credit. Cases like *Van*, *In re Zappos*, *Krottner*, and *Nayab* confirm why Article III is not a barrier to litigate this case before this Court.

As explained in more detail below, the *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) decision heavily relied upon by Plaintiff's Motion to Remand acknowledges that, while a plaintiff's retention of an allegedly offending receipt may not be sufficient to confer Article III standing, the provision of that same credit or debit card information to a third party—or a third party's ability to at least access that information—would be. *Id*. at 780 (holding that disclosure or publication to a third party is a critical requirement for the harm from an FCRA violation to be concrete enough to support standing). While "Bassett did not allege that another copy of the receipt existed, that his receipt was lost or stolen, that he was the victim of identity theft, or even that another person apart from his lawyers viewed the receipt," Plaintiff's Complaint in this case does. *Id*. at 782-83 (holding that plaintiff's retention of the allegedly offending receipt removed the risk of harm and was insufficient to confer Article III standing).

### B. Plaintiff's Standing Analysis Relies On Distinguishable FACTA Cases, None of Which Obligate This Court To Remand This Case.

Plaintiff's Motion to Remand points the Court to a number of Ninth Circuit and federal district court decisions that Plaintiff contends require this Court to remand. (Dkt. No. 10, at 4-5.) That these cases may have also involved claims for violation of FACTA and may have resulted in a remand (or affirmance of a remand order) is a red herring, for the reasons that follow.

#### 1. The Ninth Circuit Cases

None of the three Ninth Circuit cases cited by Plaintiff, unlike the instant matter, involved a claim for *negligent* FACTA violations. Additionally, the plaintiffs in these cases made vastly different allegations, which resulted in different outcomes as to Article III standing than what the outcome should be in this action.

To begin with, Plaintiff relies heavily on *Bassett*, 883 F.3d at 783 to argue that a "bare procedural violation of FACTA does not convey standing." (Dkt. No. 10, at 4.) Yet at the same time, Plaintiff's Motion highlights the differences between *Bassett* and his own Complaint. First, the plaintiff in *Bassett* did not, as Plaintiff does in this action, assert a standalone claim for negligent FACTA violations. 883 F.3d at 778 (explaining that the plaintiff filed a putative class action alleging "willful violations" of FACTA).

Additionally, Plaintiff alleges more detailed and distinct facts than what the plaintiff in *Bassett* claimed. Plaintiff contends that he made more than one purchase for which he received a non-compliant receipt and that he made those purchases at more than one Sprouts store. (Compl., ¶¶8-14.) In contrast, the plaintiff in *Bassett* claimed he received **one** receipt from the defendant that did not comply with FACTA, and there was no question that only the plaintiff ever saw the offending receipt. 883 F.3d at 778. In fact, *Bassett* went onto explain that the plaintiff did not "allege that a second receipt existed, that his receipt was lost or stolen, or that he was the victim of identity theft." *Id.*; *accord id.* at 783 ("Bassett did not allege that another copy of the receipt existed . . . or even that

8
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO. 8:22-CV-01837 DOC (DFMx)

another person apart from his lawyers viewed the receipt."). The distinctions between Plaintiff's factual allegations and those alleged in *Bassett* are apparent from the Complaint.

Ultimately, given that the *Bassett* plaintiff took his single offending receipt with him and "could shred the offending receipt along with any remaining risk of disclosure," the plaintiff failed to allege any risk of harm sufficient to confer Article III standing. *Id*. at 783. Though this action and *Bassett* both arose under FACTA, the questions before the Ninth Circuit differed from those the Court must decide in the context of Plaintiff's remand motion. Based on these distinguishing factors, *Bassett* does not have the preclusive effect on standing that Plaintiff seeks to ascribe it, and certainly does not dictate a remand.

Plaintiff's reliance on *Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582 (9th Cir. 2017) and *Marshall v. Motel 6 Operating LP*, 825 F. App'x 527 (9th Cir. 2020) is similarly misplaced.[4]

Like *Bassett*, *Marshall* makes no mention of a claim for *negligent* violation of FACTA. *See generally*, 825 F. App'x 527. The *Marshall* Court found that remand was appropriate for lack of standing for the same reasons as the *Bassett* Court—reasons that do not apply to Plaintiff's allegations and negligence claim in this action. *Id*. at 528. The plaintiff in *Marshall* did not allege, as Plaintiff does here, that the defendant printed more than one non-compliant receipt with the first six and last four digits of the plaintiff's card number. *See id.* Nor did the plaintiff in *Marshall* allege "that another copy of the receipt exists or that anyone other than" the plaintiff had seen it. *Id.* On those sparse facts, the court found that "*Bassett* control[ed] the outcome" with regard to standing. *Id.* And like in *Bassett*, the *Marshall* plaintiff "could shred the receipt and erase the hypothetical danger" from the defendant's FACTA violation. *Id*. This is not what Plaintiff alleges.

---

[4] While Plaintiff is not precluded from citing these unpublished opinions, *see* Fed. R. App. P. 32.1, they are not precedent that this Court must follow. *See* 9th Cir. R. 36-3 ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.") None of the limited exceptions to Ninth Circuit Rule 36-3 apply to Plaintiff's particular use of these unpublished decisions in the Motion to Remand

As the Complaint in this case speculates, Plaintiff does not have that same ability to "shred the receipt and erase the hypothetical danger" from Defendant's alleged FACTA violations. *Id*. And unlike in *Marshall* where the FACTA claim was based on one offending receipt, in the plaintiff's sole possession, and which no one else had viewed, Plaintiff contends he made multiple purchases, received multiple receipts from Defendant that did not comply with FACTA, and does not know what happened to each of those receipts, who may have seen them, or who may now have them. (Compl., ¶¶8-14.) Plaintiff's unique allegations set this case apart from *Marshall*, which is therefore neither dispositive as to standing, nor does it require remand.

*Noble* is likewise immediately distinguishable because the decision makes no mention of a standalone claim for negligent violation of FACTA. *See generally* 726 F. App'x 582. Though *Noble* did involve a FACTA violation based on printing more digits than FACTA allows (in *Noble*, the first digit and the last four digits), which may be relevant to whether Plaintiff can ultimately adequately plead a claim, as it pertains to standing, that complaint made no mention of whether "anyone else had received or would receive a copy of [plaintiffs'] credit card receipts." *Id.* at 584. Following *Bassett*, where the court found the plaintiff at no risk of harm because the plaintiff had the sole offending receipt and the ability to shred the receipt and mitigate any risk of identity theft, the *Noble* Court also found there was a lack of Article III standing because the plaintiffs did not "allege that the receipts were given to anyone other than the individual cardholders who made the purchases." *Id.* at 583. *Noble* therefore involved more attenuated allegations than are at issue here. Accordingly, like *Bassett* and *Marshall*, *Noble* does not control the outcome with regard to standing or require a remand in this case.

### 2. The District Court Orders

Finally, Plaintiff's motion cites what he views as an "overwhelming number of" district courts within the Ninth Circuit that have come to the "same conclusion" as *Bassett*, *Marshall*, and *Noble* and remanded FACTA cases for lack of Article III Sanding. (Dkt. No. 10, at 5.) Plaintiff's reliance on these district court orders, all of which are

unpublished,[5] is similarly misplaced because none of them addresses a claim for negligent FACTA violations or, importantly, the impact of such a negligence claim and its requirement to plead damages on Article III standing.  *See Kamel v. Hibbett, Inc.,* No. 8:22-cv-01096-RGK-E, 2022 U.S. Dist. LEXIS 130753 (C.D. Cal. July 22, 2022); *Colin v. Alpargatas USA, Inc.*, No. CV 21-9394-GW-Ex, 2022 U.S. Dist. LEXIS 32162, at *2 (C.D. Cal. Feb. 4, 2022); *Peskett v. Designer Brands, Inc.*, No. CV 20-0563 FMO (AFMx), 2020 U.S. Dist. LEXIS 86797, at *2 (C.D. Cal. May 18, 2020); *Keim v. Trader Joe's Co.*, No. CV 19-10156 PSG (MRWx), 2020 U.S. Dist. LEXIS 20325, at *7 (C.D. Cal. Feb. 5, 2020) (alleging only a "willful FACTA violation"); *Garcia v. Kahala Brands, Ltd.*, No. CV 19-10062-GW-JEMx, 2020 U.S. Dist. LEXIS 8816, at *1 (C.D. Cal. Jan. 16, 2020); *Mendoza v. Pac. Theatres Entm't Corp.*, No. CV 19-09175-CJC (JCx), 2019 U.S. Dist. LEXIS 213798, at *1 (C.D. Cal. Dec. 10, 2019); *Alvarado v. Univ. of S. Cal.*, No. CV 17-3671-GW(AJWx), 2017 U.S. Dist. LEXIS 236478, at *2 (C.D. Cal. Sep. 21, 2017) (complaint alleged defendant "willfully violated" FACTA).

Moreover, to the extent Plaintiff cites these district court orders because they purport to follow *Bassett*, *Marshall*, or *Noble*, and thus necessitate a remand of this case, Defendant refers the Court to the critical differences between the allegations in those three Ninth Circuit cases and the Complaint in this case.  (*See* Section IV.B.1, *supra*.)  In recapping and applying *Bassett*, several of the district court rulings echo why Plaintiff's negligence claim and other allegations set this case apart.  For example, the plaintiff in *Kamel* alleged that he "*was provided* an electronically-printed receipt showing ten digits of his credit card account number." 2022 U.S. Dist. LEXIS 130753, *1-2 (emphasis added).  So the plaintiff effectively alleged what the plaintiff in *Bassett* alleged—that he received one non-compliant receipt, kept it, and had the ability to eliminate the risk of identity theft by destroying the receipt.  *See id*.; *see also Garcia*, 2020 U.S. Dist. LEXIS 8816, at *6-7

---

[5] *See* Dkt. No. 10, at 5; *Sorrels v. McKee*, 290 F.3d 965, 971 (9th Cir. 2002) (recounting that while "unpublished decisions of district courts may inform" the Court's determinations, they are not binding precedent).

(recounting that the store employee took the receipt from the printer and handed it directly to the plaintiff).

Most importantly, the court in *Kamel* clarified that there is no blanket rule requiring an automatic remand of a FACTA case for lack of Article III standing. *See Kamel*, 2022 U.S. Dist. LEXIS 130753, *1-2 ("The law is clear that *certain* FACTA or FCRA violations alone are insufficient to confer standing.") (emphasis added). In specifying that *certain* FACTA violations may not suffice for Article III standing, the *Kamel* Court recognized the possibility that a FACTA violation premised on a distinguishable set of facts could lead to a different outcome on a motion to remand.

Critical to Article III standing, Plaintiff alleges a distinct set of facts from these cases—including that Defendant printed *more than one* non-compliant receipt, and that Plaintiff neither has the receipts nor the ability to mitigate the risk of identity theft by destroying them. With these unique factual allegations and claims for *both* willful *and negligent* violations of FACTA, which requires Plaintiff to plead damages, the Complaint is a square peg that Plaintiff now attempts to fit in a round hole of prior remand rulings.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Motion to Remand and allow this action to proceed before the Court.

DATED: November 14, 2022        DORSEY & WHITNEY LLP

By: /s/Faisal M. Zubairi
FAISAL M. ZUBAIRI
JESSICA M. LEANO
Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

# CERTIFICATE OF SERVICE

*Robert Cohen v. Sprouts Farmers Market, Inc.,*
*United States District Court for the Central District of California*
*Case No.: 8:22-cv-01837 DOC (DFMx)*

I hereby certify on November 14, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be automatically served by the CM/ECF System.

DATED:  November 14, 2022          DORSEY & WHITNEY LLP

By:   */s/Faisal M. Zubairi*
      Faisal M. Zubairi