Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1-10 Inclusive,<br><br>Defendants. | Case No.: 8:22-cv-01837-DOC<br><br>**REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Hon. David O. Carter<br>Date: December 5, 2022<br>Time: 8:30 a.m.<br><br>Place: Courtroom 10A<br>411 W. Fourth St.<br>Santa Ana, CA 92701-4516 |

**REPLY      IN      SUPPORT      OF      MOTION      TO      REMAND**

## Memorandum of Points and Authorities

### I. Introduction

Defendant Sprouts Farmers Market, Inc.'s ("Defendant") in its opposition to Plaintiff Robert Cohen's ("Plaintiff") motion to remand is an exercise in Defendant wanting its cake and to eat it too. Defendant argues in its opposition that Plaintiff states claims and has damages under the Fair and Accurate Credit Transactions Act, 15 U.S.C. 15 U.S.C. § 1681 ("FACTA"), so as to convey subject matter jurisdiction. It does this solely so it can then speak out the other side of its mouth in its Motion to Dismiss (Dkt. 14)[1] and argue that Plaintiff actually has not adequately alleged causation and damages such that his claim should be dismissed. It does this acrobatic juxtaposition because it needs the Court to retain jurisdiction, contrary to the overwhelming, binding Ninth Circuit authority on the topic, and then once it has jurisdiction use that overwhelming, binding Ninth Circuit authority to render a ruling on the merits—<u>which is itself contrary to that authority which states that such claims must be dismissed for a lack of standing</u>.[2]

Again, there is no standing for FACTA claims in the Ninth Circuit. *See Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. 2018) (Plaintiff in FACTA actions have no Article III standing); *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) (same); *Daniel v. Nat'l Park*

---

[1] Plaintiff has amended out of and mooted Defendant's Motion to Dismiss at this point, however Defendant has indicated it intends to file another motion to dismiss on the same arguments, except as to the negligence claim which Plaintiff dropped.

[2] It is worth noting that 28 U.S. Code § 1447(c) provides that the Court may order Defendant to pay for any actual expenses, including attorney fees, incurred as a result of the removal. While Plaintiff did not seek fees in its opening motion, Plaintiff reserves the right to request such fees should Plaintiff prevail and Defendant appeal against the overwhelming jurisprudence in the Ninth Circuit.

- 1 -

**REPLY    IN    SUPPORT    OF    MOTION    TO    REMAND**

*Serv.*, 891 F.3d 762, 766 (9th Cir. 2018) (same).  Because Defendant cannot prove Article III standing to justify federal jurisdiction, remand is required.

## II.     Legal Argument

Defendant's entire motion is based on the premise that Plaintiff's allegation that "Plaintiff has made other purchases at Defendant's stores within the last year during which he has not taken his printed receipt, resulting in his printed receipt with his extra credit or debit card numbers being able to be stolen without his knowledge" is sufficient to create damages and convey standing. Complaint at ¶ 14.  It is not for two separate reasons: (1) because the printing of the initial six digits does not create an actual risk of identity theft absent other information and (2) because the allegation is too speculative to create actual harm.

The first six digits of a card consist of the Issuer Identification Number ("IIN"), which identifies the financial institution issuing the card.[3] The Ninth Circuit has repeatedly held that the disclosure of these additional numbers does not create an increased risk of identity theft and thus cannot convey standing:

> "[H]ere, the first digit of a credit card number merely identifies the brand of the card, and Congress has not prohibited printing the identity of the credit card issuer along with the last five digits of the credit card number. Thus, giving the deference to Congress's expertise that *Spokeo* requires, 136 S.Ct. at 1549, confirms that Appellants lack standing here."

*Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582, 584 (9th Cir. 2018); *see also Marshall v. Motel 6 Operating LP*, 825 F. App'x 527, 528 (9th Cir. 2020) ("any purported risk of identity theft is too remote to satisfy Article III given that the offending digits convey no more than the brand of the card and its

---

[3] *See, e.g.,* "Credit Card Numbers: What Do They Mean?", Forbes Advisor (October 18, 2022), *available at https://www.forbes.com/advisor/credit-cards/what-does-your-credit-card-number-mean/#:~:text=The%20first%20six%20digits%20of,financial%20institution%20issuing%20the%20card.*

- 2 -
**REPLY     IN     SUPPORT     OF     MOTION     TO     REMAND**

issuing bank"). It does not matter whether the case arises in negligence or willfulness—the mandate on this issue is explicit. There is no standing in this Circuit for these types of FACTA claims, and thus it must be remanded.

Plaintiff's allegations regarding surreptitious theft of his information are also inadequate to convey standing in this Circuit. In *Kamel v. Hibbett, Inc.*, No. 8:22-CV-01096-RGK-E, 2022 WL 2905446, at *2 (C.D. Cal. July 22, 2022), the Court specifically addressed the similar allegation that "'Plaintiff's and Class members' personal financial information to the world, including to persons who might find the receipts in the trash ... [or] identity thieves who thrive in environments such as Defendants' various locations,' may result in an invasion of Plaintiffs' privacy'" was just "mere conjecture, suggestive of a risk of harm rather than rising to the level of a concrete injury." *See also Garcia v. Kahala Brands, LTD.*, No. CV 19-10062-GW-JEMX, 2020 WL 256518, at *2 (C.D. Cal. Jan. 16, 2020); *Keim v. Trader Joe's Co.*, No. CV1910156PSGMRWX, 2020 WL 564120, at *3 (C.D. Cal. Feb. 5, 2020). Plaintiff's similar allegation is thus simply "conjectural" and thus inadequate to convey standing, and this matter must be remanded.

Defendant's remaining arguments amount to a strained attempt to compare this to other laws, which there is no reason for this Court to even countenance. The Court does not need to look at analogous laws—there are binding cases directly on point that deal specifically with FACTA. Accordingly, this matter must be remanded.

**III.   Conclusion**

Defendant's Motion is a disingenuous attempt to force the Court to commit legal error in finding that there is a claim for purposes of jurisdiction, but no claim on the merits. Defendant has failed to carry its burden to show Plaintiff has Article III standing and this action must be remanded to the Superior Court for the County of Orange where it was originally filed.

- 3 -

**REPLY   IN   SUPPORT   OF   MOTION   TO   REMAND**

- 4 -

1
2  Dated: November 21, 2022        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3                                         s/ Thomas E. Wheeler_____
                                          Thomas E. Wheeler
4                                         Todd M. Friedman
                                          Adrian R. Bacon
5                                         Attorneys for Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -
**REPLY     IN     SUPPORT     OF     MOTION     TO     REMAND**

- 5 -

Filed electronically on this 21st Day of November, 2022, with:
United States District Court CM/ECF system.

Notification sent electronically on this 21st Day of November, 2022, to:

Hon. David O. Carter
United States District Court
Central District of California
And All Counsel of Record as Recorded On The Electronic Service List

s/ Thomas E. Wheeler, Esq.
THOMAS E. WHEELER

**REPLY IN SUPPORT OF MOTION TO REMAND**