Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.:   8:22-cv-01837-DOC-DFM<br><br>**JOINT 26(F) REPORT**<br>**(F.R.C.P. 23 AND L.R. 23-3)**<br><br>Judge: Hon. David O. Carter<br><br>Date: December 5, 2022<br>Time: 8:30 a.m.<br>Courtroom: 10A |

Pursuant to Rule 26(f) and 16(a), Plaintiff, Robert Cohen, individually and on behalf of all others similarly situated ("Plaintiff") and Defendant, SPROUTS FARMERS MARKET, INC. ("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

### a.   <u>Statement of the Case</u>

<u>Plaintiff:</u> In August 2022, Defendant printed receipts containing the initial six digits along with the last four digits of Plaintiff's credit card and debit card when Plaintiff completed a transaction at Defendant's stores in Orange County.  The Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g)(1), specifically prohibits a receipt from including more than just the final five digits of the card number.  Thus, Plaintiff alleges that Defendant's actions violate the black letter of FACTA and seeks damages on behalf of himself and a class of similarly situated individuals.

<u>Defendant:</u> Defendant denies that the conduct alleged by Plaintiff—printing the first six and last four digits of Plaintiff's credit or debit card number on a receipt—can serve as the basis for a FACTA violation.  *See* Dkt. No. 12-1 at pp. 12-13 of 22 (citing several cases that say so).  Even assuming *arguendo* that conduct was sufficient to establish a FACTA violation, and it is not, Plaintiff does not sufficiently plead a willful violation.  Moreover, to the extent Plaintiff seeks to represent a nationwide class of allegedly similarly-aggrieved consumers, the Court lacks personal jurisdiction to decide these putative class members' claims.

### b.   <u>Synopsis of Legal Issues</u>

<u>Plaintiff:</u> Whether Defendant's printing of receipts that contained more than just the last five digits of the card used violated FACTA;

Whether this matter is suitable for class treatment;

Whether this matter may be maintained in Federal Court in light of *Noble v. Nev.*

*Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. 2018) and its progeny.

<u>Defendant:</u> Whether printing the first six and last four digits of a credit or debit card

number (which does not include any consumer information) constitutes a violation

of FACTA; whether Plaintiff pleads facts to sufficient to sustain a claim for a *willful*

violation of FACTA; whether the Court has subject matter jurisdiction/Article III

Standing despite plaintiff's failure to sufficiently state a claim (*See* Dkt. No. 14 at

p. 9 of 18 (citing cites several cases that conclude there was Article III standing but

nevertheless go onto dismiss for failure to state a claim)); whether the Court has

jurisdiction to decide the claims of non-California, putative class members for

allegedly-wrongful conduct occurring outside of California; and whether Plaintiff

can satisfy the requirements of Federal Rule of Civil Procedure 23 to maintain a

class action.

### c.    <u>Additional Parties or Amended Pleadings</u>

Plaintiff has filed a First Amended Complaint [Dkt. 13] and moved to remand

this matter to state court [Dkt. 10].  Plaintiff does not anticipate any other motions

to add claims or parties, amend the pleadings or transfer venue.

Defendant moved to dismiss Plaintiff's original Complaint prior to Plaintiff's

filing of a First Amended Complaint.  [Dkt. 12; Dkt. 13.]  Defendant will be filing

a motion to dismiss the First Amended Complaint and has also opposed Plaintiff's

motion to remand.  [Dkt. 14.]  If this matter survives past the motion to dismiss

stage, Defendant would like to reserve the right to file a third-party complaint.

### d.   Dispositive Motions

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such a motion.  Plaintiff intends to move for Class Certification at as early time as possible following some initial discovery and proposes a filing deadline of April 10, 2023.

Defendant: Defendant filed a motion to dismiss, in response to which Plaintiff once amended the complaint.  Defendant plans to file a motion to dismiss the first amended complaint.  Should the operative complaint survive Defendant's motion to dismiss for failure to state a claim and/or lack of personal jurisdiction, Defendant expects to file a motion for summary judgment.  Defendant proposes to proceed with merits discovery and summary judgment motion practice before class discovery and motion practice as set forth in more detail at the discovery plan section below.  Defendant will also oppose any motion for class certification Plaintiff may file.

Defendant believes that bifurcation of this matter would promote judicial efficiency so that, if the claims survive past the motion to dismiss, the parties can first seek summary judgment in relation to whether printing merely the first six digits constitutes a FACTA violation and whether the alleged violation was intentional.  Defendant believes that adjudication of these issues will obviate the need for class discovery and certification motion practice.

### e.    Settlement/Alternative Dispute Resolution

The Parties have engaged in settlement discussion, but Plaintiff is only willing to settle on a class-wide basis currently. The Parties are amenable to engaging in private mediation.

Defendant agrees that the Parties have discussed the prospect of settlement discussions, but notes that these discussions have been preliminary and limited to discussion of an appropriate settlement process (*i.e.*, private mediation, settlement conference, etc.) rather than any particulars, such as whether Defendant would agree to a class-wide settlement.   Defendant would be amenable to private mediation if the claims survive past motion practice.

### f.    Discovery Plan

Plaintiff:  Plaintiff does not believe that discovery should not be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.  Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff needs discovery on the following subjects: Defendant's policies and procedures concerning its printing of receipts following transactions; the programming or manual for Defendant's devices that printed the receipts at issues; and information regarding the number and identity of those who had receipts similar to Plaintiff printed.  Plaintiff also intends to depose the Defendant's 30(b)(6) witness.

<u>Defendant:</u> Defendant proposes that discovery be stayed pending the outcome of the impending/pending motions to dismiss and remand, and, in the event that this action survives past the motion to dismiss stage, that discovery be bifurcated to allow discovery regarding the merits of Plaintiff's claims and summary judgment to proceed before class discovery and certification motion practice.  Such phased discovery will conserve resources and costs.  Bifurcating merits from class discovery, will obviate the need for the parties to engage in class discovery (and the need for the Court to address a class certification motion) in the event that the Court grants either a motion to dismiss or for summary judgment.

In any event, Defendant intends to depose and propound written discovery to Plaintiff.  Defendant also expects to conduct discovery regarding (1) the merits of and its defenses to Plaintiff's individual FACTA claim, and, if needed (2) regarding the Plaintiff's putative class allegations.

Defendant maintains that all discovery, including initial disclosures should be stayed pending the outcome of the impending/pending motions to dismiss and to remand.  However, unless agreed to by the Plaintiff or otherwise Ordered by the Court, Defendant will be ready to exchange initial disclosures in compliance with Federal Rule of Civil Procedure 26.

g.    **Jury Trial and Trial Estimate**

Plaintiff requests a jury trial and estimates a trial of 4-6 days if certified as a class action and 2 days if not.  Defendant agrees with these estimates.

### h. __Other Issues and Proposed Dates__

Plaintiff provides the following proposed dates, and requests an additional Class Certification date as noted below.

Discovery Cut-Off: November 13, 2023

Motion for Class Certification Filing Cut-Off: April 10, 2023 (If the Court accepts Plaintiff's proposed schedule, Defendant requests the class certification motion filing cut-off date be set as May 8, 2023 because of scheduling conflicts).

Final Motion Hearing Cut-Off: December 18, 2023

Final Pretrial Conference: January 29, 2024

Trial Date: Tuesday, February 20, 2024

Defendant proposes that, if the Court is willing to bifurcate discovery, then the deadlines being proposed by the Plaintiff be adjusted to account for the same as follows:

Merits Discovery Cut-Off: November 13, 2023

Final Motion Hearing Cut-Off: December 18, 2023

Class Discovery Commences: January 1, 2024

Class Discovery Cut-Off: March 31, 2024

Class Certification Motion Hearing Cut-Off: April 29, 2024

Final Pretrial Conference: May 27, 2024

Trial Date: Tuesday, June 25, 2024

Dated: November 21st, 2022                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: s/Todd M. Friedman
Todd M. Friedman, Esq.
Attorney for Plaintiff

DORSEY & WHITNEY LLP

By: s/Faisal M. Zubairi
Faisal M. Zubairi, Esq.
Attorney for Defendant

## __SIGNATURE CERTIFICATION__

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant, and that I have obtained his/her authorization to affix his/her electronic signature to this document.


Dated: November 21st, 2022                    Respectfully submitted,

Law Offices of Todd M. Friedman, P.C.

By: s/ Todd M. Friedman
Todd M. Friedman, Esq.
Attorney for Plaintiff

Filed electronically on this 21st Day of November, 2022, with:

United States District Court CM/ECF system.

Notification sent electronically on this 21st Day of November, 2022, to:

Honorable David O. Carter
United States District Court
Central District of California

And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.

TODD M. FRIEDMAN