1  FAISAL M. ZUBAIRI (SBN 244233)
   zubairi.faisal@dorsey.com
2  ISAAC M. GABRIEL (SBN 325008)
   gabriel.isaac@dorsey.com
3  NAVDEEP K. SINGH (SBN 284486)
   singh.navdeep@dorsey.com
4  JESSICA M. LEANO (SBN 323677)
   leano.jessica@dorsey.com
5  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
6  Costa Mesa, CA 92626-7655
   Telephone:  (714) 800-1400
7  Facsimile:  (714) 800-1499

8  Attorneys for Defendant
   SPROUTS FARMERS MARKET, INC.

9

10

11            **UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

13

14  ROBERT COHEN, individually and on          CASE NO.: 8:22-cv-01837 DOC (DFMx)
    behalf of all others similarly situated,
15                                             Honorable David O. Carter
              Plaintiff,                       Courtroom 10 A
16
    vs.                                        **MEMORANDUM OF POINTS AND**
17                                             **AUTHORITIES IN SUPPORT OF**
    SPROUTS FARMERS MARKET, INC.,              **DEFENDANT SPROUTS FARMERS**
18  and DOES 1 through 10, inclusive, and      **MARKET, INC.'S MOTION TO**
    each of them,                              **DISMISS PLAINTIFF'S FIRST**
19                                             **AMENDED COMPLAINT**
              Defendants.
20                                             [Filed concurrently with Notice of Motion
                                               and Motion, Declaration of Brandon
21                                             Lombardi, and [Proposed] Order]

22
                                               **Date: January 9, 2023**
23                                             **Time: 8:30 a.m.**
                                               **Place: Courtroom 10A**
24                                                    **411 W. 4th Street**
                                                     **Santa Ana, CA 92701**
25
                                               Complaint Filed: September 6, 2022
26                                             Action Removed: November 7, 2022
                                               Trial Date: None Set
27

28

1

**TABLE OF CONTENTS**

2

**PAGE**

3   I.      INTRODUCTION ...................................................................................................1

4   II.     FACTUAL AND PROCEDURAL BACKGROUND .........................................2

5           A.    Overview of FACTA and Plaintiff's Allegations ....................................2

6           B.    Procedural History and Defendant's Domicile. ......................................4

7   III.    LEGAL STANDARD ...........................................................................................5

8   IV.     ARGUMENT.........................................................................................................5

9           A.    The Conduct Alleged in the Complaint – Printing The First Six And Last Four Digits of a Card Number– Does Not Violate FACTA.........................................5

10

11          B.    The Complaint Fails to State a Claim For *Willful* FACTA Violations................7

12          C.    The Court Lacks Personal Jurisdiction To Decide The Non-Resident, Putative Class Members' FACTA Claims. .......................................................10

13  V.      CONCLUSION ...................................................................................................11

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..................................................................................................5

5

6

*Bateman v. Am. Multi-Cinema, Inc.,*
   623 F.3d 708 (9th Cir. 2010) ..............................................................................2, 8

7

8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..................................................................................................5

9

10

*Benny v. Pipes,*
   799 F.2d 489 (9th Cir. 1986) .................................................................................10

11

12

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017)............................................................................................11

13

14

*Broderick v. 119TCbay, LLC,*
   670 F. Supp. 2d 612 (W.D. Mich. 2009) .................................................................6

15

16

*Coleman v. Exxon Mobil Corp.,*
   No. 1:17-CV-119-SNLJ, 2018 U.S. Dist. LEXIS 62831 (E.D. Mo. Apr.
   13, 2018) ...................................................................................................................6

17

18

*Daimler AG v. Bauman,*
   134 S. Ct. 746 (2014)..............................................................................................10

19

20

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,*
   141 S. Ct. 1017 (2021)............................................................................................10

21

22

*Fullwood v. Wolfgang's Steakhouse, Inc.,*
   No. 13 Civ. 7174 (KPF), 2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July
   23, 2015) ...............................................................................................................8, 9

23

24

*Goodyear Dunlop Tires Ops., S.A. v. Brown,*
   564 U.S. 915 (2011)......................................................................................... 10, 11

25

26

*HomeAway.com v. City of Santa Monica,*
   918 F.3d 676 (9th Cir. 2018) ...................................................................................5

27

28

*Jackson v. Hayakawa*,
 682 F.2d 1344 (9th Cir. 1982) ..................................................................................10

*Katz v. Donna Karan Co., L.L.C.*,
 872 F.3d 114 (2d Cir. 2017) ........................................................................................6

*Moser v. Benefytt, Inc.*,
 8 F.4th 872 (9th Cir. 2021) .......................................................................................10

*Noble v. Nevada Checker Cab Corp.*,
 726 F. App'x 582 (9th Cir. 2018) ...............................................................................6

*Owino v. Corecivic, Inc.*,
 36 F.4th 839 (9th Cir. 2022) ............................................................................... 10, 11

*In re Packaged Seafood Prods. Litig.*,
 338 F. Supp. 3d 1118 (S.D. Cal. 2018) ....................................................................10

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985)...................................................................................................11

*Safeco Ins. Co. of Am. v. Burr*,
 551 U.S. 47 (2007)........................................................................................................8

*Seo v. CC CJV Am. Holdings, Inc.*,
 No. CV 11-05031 DDP, 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct.
 18, 2011) .................................................................................................................8, 9

*Taylor v. Fred's, Inc.*,
 285 F. Supp. 3d 1247 (N.D. Ala. 2018) ......................................................................7

*In re Toys "R" Us*,
 No. MDL 08-01980 MMM, 2010 U.S. Dist. LEXIS 133583 (C.D. Cal.
 Aug. 17, 2010) .............................................................................................................7

**Statutes**

15 U.S.C. section 1681n ......................................................................................................7

28 U.S.C. section 1331 .......................................................................................................4

Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-
 241, 122 Stat. 1565 ..................................................................................................1, 2

Fair and Accurate Credit Transactions Act,
    15 U.S.C. § 1681c(g)(1) ...................................................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

Fair Credit Reporting Act ..............................................................................................2

Pub. L. 108-159, 117 Stat. 1952 (2003) ......................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2)....................................................... 2, 5, 10, 11, 12

Federal Rule of Civil Procedure 12(b)(6)................................................... 1, 2, 5, 7, 8, 9, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In the early 2000s, the federal government enacted the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1) ("FACTA"), which sought to combat identity theft by imposing fines for the intentional disclosure of certain consumer information on printed debit and credit card receipts.  In this putative class action, Plaintiff Robert Cohen ("Plaintiff") contends that Defendant Sprouts Farmers Market, Inc. ("Defendant" or "Sprouts") improperly allowed more information to be printed on his receipts—and the receipts of unnamed individuals who shopped at any number of Sprouts stores across the United States—than FACTA permits.   Though Plaintiff amended in response to Defendant's motion to dismiss the original complaint by dropping his negligence claim, the First Amended Complaint continues to suffer from all of the same other deficiencies.

Plaintiff's single claim for willful FACTA violations does not satisfy Federal Rule of Civil Procedure 12(b)(6)'s basic pleading standards.  First, Plaintiff overlooks case law holding that the conduct alleged here—printing the first six and last four digits of a credit or debit card number on a receipt—does not violate FACTA.  Plaintiff further disregards the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), Pub. L. No. 110-241, 122 Stat. 1565, which Congress enacted in response to an influx of FACTA lawsuits like this one seeking possibly millions in damages for "technical" FACTA violations.  The Clarification Act confirmed that FACTA was meant to protect against actual harm resulting from the disclosure of consumer credit information, which information is neither included in nor discernable from merely the first six and last four digits of a card number on a printed receipt.

Even assuming *arguendo* that the inclusion of merely the first six and last four digits of a card number was sufficient to establish a FACTA violation, and it is not, Plaintiff alleges no facts to support a *willful* violation.  Rather, the First Amended Complaint conjectures that because FACTA was enacted over a decade ago, all businesses are uniformly aware of its requirements and necessarily act "knowingly" or "recklessly" if a

1   FACTA violation ever occurs.  Plaintiff makes a logical leap, unsupported by any facts,

2   and concludes that Defendant must have acted *willfully* with regard to Plaintiff's receipts.

3   A claim for a willful statutory violation based solely on speculation and platitudes cannot

4   satisfy Rule 12(b)(6)'s basic pleading standards.

5         Finally, Defendant requests the Court dismiss the claims for willful FACTA

6   violations that Plaintiff asserts on behalf of non-California, unnamed class members

7   pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  The Court lacks personal

8   jurisdiction to decide these class members' claims based on alleged FACTA violations

9   occurring entirely outside of California, where, as here, Defendant is neither organized in

10  nor maintains its principal place of business in California.

11  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

12        **A.      Overview of FACTA and Plaintiff's Allegations**

13        The First Amended Complaint centers on alleged violations of FACTA, 15 U.S.C.

14  § 1681c(g)(1).  In 2003, the federal government enacted FACTA, which amended the Fair

15  Credit Reporting Act (the "FCRA"), "[i]n an effort to combat identity theft." *Bateman v.*

16  *Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010) (citing Pub. L. 108-159, 117

17  Stat. 1952, 1959-60 (2003)).  FACTA aims to prevent identity theft by requiring that:

18              Except as otherwise provided in this subsection, no person that
19              accepts credit cards or debit cards for the transaction of business
                [] print more than the last 5 digits of the card number or the
20              expiration date upon any receipt provided to the cardholder at
21              the point of the sale or transaction.

22  15 U.S.C. § 1681c(g)(1).

23        A few years later, Congress clarified that "[t]he purpose of this Act [FACTA] is to

24  ensure that consumers suffering from any actual harm to their credit or identity are

25  protected while simultaneously limiting abusive lawsuits that do not protect consumers but

26  only result in increased cost to business and potentially increased prices to consumers."

27  *See* Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122

28  Stat. 1565 at §2(b).

1
2
3
4
5
6
7
8
9
10

The First Amended Complaint asserts one claim for "knowing" violations of FACTA.  (FAC, ¶¶36-40.)  Plaintiff's story is this: "[o]n or around August 3, 2022," Plaintiff went to a Sprouts store in the City of Orange, California "multiple times" and purchased items with his credit card or debit card.  (FAC, ¶9.)  Plaintiff contends that "Defendant printed an electronically-generated registered receipt which displayed" his "six initial and last four credit card and debit card numbers in direct violation of FACTA." (FAC, ¶10.)  Plaintiff also claims to have made "other purchases" at unspecified Sprouts stores "within the last year," and that he did not always take his paper receipt.  (FAC, ¶15.) This supposedly "result[ed] in his printed receipt with his extra credit or debit card numbers being able to be stolen within his knowledge."  (FAC, ¶15.)

11
12
13
14
15
16
17
18
19

According to Plaintiff, by printing the first six and last four digits of credit or debit card numbers on receipts, Defendant displayed irresponsible disregard for Plaintiff's and similarly situated consumers' credit information.  (FAC, ¶13.)  On information and belief, Plaintiff contends that "Defendant and/or agent [sic] of Defendant['s] handled many of these receipts and were aware that these receipts included the extra numbers of its customers['] credit and/or debit cards."  (FAC, ¶14.)  Also on information and belief, Plaintiff concludes that "Defendant and/or agents of Defendant" knew or "should have known that they were engaging in the systematic illegal practice" of printing such receipts in violation of FACTA.  (FAC, ¶21.)

20
21
22
23
24
25
26
27
28

As to how Defendant or its agents "knew [or] should have known that they were engaging in" this "systematic illegal practice," Plaintiff speculates that "knowledge of the act has become more and more common place with many people posting popular online articles about the act."  (FAC, ¶19.)  Plaintiff tosses in that "approximately twelve (12) years" have passed since FACTA's enactment, and those in the (nebulous) "industry of engaging in consumer transactions have to incorporate the costs of legal liability into their overhead in order to obtain reasonable profits and margins."  (FAC, ¶¶ 16-17.)  This gives "those in the industry" a "strong incentive to obtain some understanding of the laws governing these consumer transactions, such as the FACTA."  (FAC, ¶17.)  Plaintiff

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CASE NO. 8:22-CV-01837 DOC (DFMx)

accuses Defendant of supposedly shirking FACTA's requirements to avoid "costs associated with compliance," which could include "buying new cash registers, and/or paying an expert to come change the program that prints receipts." (FAC, ¶22.)  Plaintiff then concludes that Defendant "*willfully* engaged in the systematic illegal practice" alluded to.  (FAC, ¶¶23-24) (emphasis added).

Beyond speculating about what Defendant may have known about FACTA and generalizing about what an industry at large has learned over the last decade, no allegations even hint that Defendant was aware that any of its point of sale systems may have printed supposedly non-compliant receipts.

Based on those barebones allegations, Plaintiff brings this action on his behalf and on behalf of all others similarly situated, proposing to represent a class of:

> All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than the last five digits of the person's credit card or debit card number.

This proposed class apparently includes members who reside outside of California and/or received non-compliant receipts from debit or credit card purchases at Sprouts stores outside of California.  (FAC, ¶¶25-26.).

**B.      Procedural History and Defendant's Domicile**

Plaintiff filed a complaint against Defendant in the Orange County Superior Court on September 6, 2022.  (Dkt. No. 1, Exs. 1-2).  Defendant timely removed the action to this Court on October 7, 2022 on grounds of federal question jurisdiction under 28 U.S.C. section 1331 (Dkt. Nos. 1-3.).  Defendant filed its first motion to dismiss Plaintiff's original complaint on November 10, 2022.  (Dkt. Nos. 4, 12.)  In response, Plaintiff filed a First Amended Complaint on November 14, 2022.  (Dkt. No. 13.)  As set forth below, although Plaintiff has dropped his negligence claim, Plaintiff's amended complaint suffers from all of the same deficiencies.  Defendant is organized under the laws of the State of Delaware

1  with its principal place of business in the State of Arizona.  *See* Declaration of Brandon

2  Lombardi ("Sprouts Decl."), ¶¶3-4.

3  **III.   LEGAL STANDARD**

4      A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6),

5  where, as here, it does not allege "enough facts to state a claim to relief that is plausible on

6  its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

7  plausibility when the plaintiff pleads factual content allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

9  *Iqbal*, 556 U.S. 662, 678 (2009).

10     However, "a complaint [does not] suffice if it tenders naked assertions devoid of

11  further factual enhancement." *Id*. (quotation marks and brackets omitted).  "Threadbare

12  recitals of the elements of a cause of action, supported by mere conclusory statements, do

13  not suffice." *Id*.  Nor is the Court "bound to accept as true a legal conclusion couched as

14  a factual allegation" when ruling on a motion to dismiss.  *Id*.; *HomeAway.com v. City of*

15  *Santa Monica*, 918 F.3d 676, 683 n.3 (9th Cir. 2018).

16     Plaintiff's conclusory and boilerplate allegations fail to plead facts sufficient to state

17  any claims for relief, and the First Amended Complaint should accordingly be dismissed

18  in its entirety.  In addition to which, the First Amended Complaint is also subject to

19  dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal

20  jurisdiction with respect to the non-California putative class members' claims.

21  **IV.   ARGUMENT**

22     **A.    The Conduct Alleged – Printing The First Six And Last Four Digits of a**

23          **Card Number– Does Not Violate FACTA.**

24     At the outset, the First Amended Complaint fails to satisfy Rule 12(b)(6) because

25  the allegations, on their face, do not support a violation of FACTA.  FACTA prohibits

26  printing "more than the last 5 digits of the card number or the expiration upon any receipt

27  provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

28  As to the permitted number of digits, courts have recognized that "the critical direct object

1  of the sentence—the part of the sentence that answers the question of what 'no person . . .

2  shall print . . .'—is unclear." *Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 617

3  (W.D. Mich. 2009).  Nonetheless, federal courts have interpreted FACTA as a prohibition

4  on printing the last five digits of a card number *and* expiration date but *not* other, non-

5  personally identifying information about the transaction.  *Id.*  Reading FACTA so

6  stringently would lead to an "absurd" result that would "prohibit printing the very

7  information necessary to make the receipt useful, including a description of the item

8  purchased."  *Id.*  This practical interpretation is supported by the fact that businesses

9  routinely include other types of information on receipts without raising any question of

10 FACTA compliance.  *Id.* at 614-15 (clarifying, for example, that "merchants may lawfully

11 print in word form the brand name [of the card] on credit card receipts").

12     The Ninth Circuit has similarly interpreted FACTA to protect only personally-

13 identifying information, rejecting a FACTA claim premised on the inclusion of the last

14 five digits *and the first* digit of a card number on a receipt, as the first digit provided no

15 further personally-identifying information about the consumer.  *See Noble v. Nevada*

16 *Checker Cab Corp.*, 726 F. App'x 582, 584 (9th Cir. 2018) ("[T]he first digit of a credit

17 card number merely identifies the brand of the card, and Congress has not prohibited

18 printing the identity of the credit card issuer along with the last five digits of the credit card

19 number.").

20     Other federal courts have agreed that printing the first *six* digits is insufficient to

21 support a FACTA violation because they merely identify the issuing bank.  *See Katz v.*

22 *Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) ("As both the court below and

23 other district courts have found, the first six digits of a credit card number constitute the

24 IIN for the card's issuer, digits which can be easily obtained for any given issuer, including

25 from the website discussed above."); *Coleman v. Exxon Mobil Corp.*, No. 1:17-CV-119-

26 SNLJ, 2018 U.S. Dist. LEXIS 62831, at *10 (E.D. Mo. Apr. 13, 2018) ("[T]he first six

27 digits of plaintiff's sixteen-digit credit card number do not convey any personal

28 information about him. Instead, as plaintiff concedes, the first six digits identify only the

6

1   bank that issued the card, and Congress does not prohibit printing the card issuer in word

2   form on the receipt. In fact, each issuer's six-digit code is publicly available on the

3   internet."); *Taylor v. Fred's, Inc.*, 285 F. Supp. 3d 1247, 1262 (N.D. Ala. 2018)

4   ("[B]ecause printing the name of the particular card issuer is not prohibited by FACTA,

5   the inclusion of the digits representing that same information cannot be material to the

6   harm of identity theft (which FACTA seeks to prevent)."); *In re Toys "R" Us*, No. MDL

7   08-01980 MMM (FMOx), 2010 U.S. Dist. LEXIS 133583, at *53 (C.D. Cal. Aug. 17,

8   2010) ("[B]ecause Congress did not prohibit the printing of issuer information on the credit

9   card receipt, there is no possibility that the printing of the first six digits could have resulted

10  in a risk of harm greater than that prohibited by Congress.").

11          Based on the foregoing, the conduct alleged in the First Amended Complaint—

12  printing the first six digits and last four digits of a debit or credit card number on a receipt—

13  does not disclose any more personally-identifying information about a consumer than what

14  Congress has permitted to be printed on receipts.  Even taking Plaintiff's allegations as

15  true, the facts alleged fail to state any violation of FACTA.  Plaintiff's allegations thus fail

16  to state a violation of the statute relied upon by the First Amended Complaint.  The First

17  Amended Complaint, including the single cause of action included therein, is accordingly

18  subject to dismissal with prejudice pursuant to Rule 12(b)(6).

19          **B.       The First Amended Complaint Fails to State a Claim For *Willful***

20                  ***FACTA Violations.***

21          Under 15 U.S.C. section 1681n, any person who *willfully* fails to comply with the

22  requirements of FACTA may be found liable for actual damages, statutory damages, or

23  punitive damages.  Yet the First Amended Complaint contains no factual allegations, even

24  accepting all the current allegations as true, to support any claim that Defendant *willfully*

25  violated FACTA, if Defendant violated FACTA at all.   Instead, the First Amended

26  Complaint concludes that "Plaintiff is informed, believes, and thereupon alleges[,] that

27  Defendant and/or agents of Defendant *willfully* engaged in the systematic illegal practice

28

1  described above."  (FAC, ¶24) (emphasis added).  This deduction is not enough to satisfy

2  Rule 12(b)(6).

3        The Ninth Circuit has made clear that to state a claim for a willful violation of a

4  statute, the plaintiff must allege more than a "technical" violation.  *Bateman*, 623 F.3d at

5  714 n.4.  To be willful, *i.e.*, "knowing" or "reckless," "the defendant must have taken

6  action involving 'an unjustifiably high risk of harm that is either known or so obvious that

7  it should be known.'"  *Id.* at 711 n.1 (*quoting Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,

8  68 (2007)).  In the context of a willful violation of FACTA, "it is not enough to show

9  simply that there was awareness — either general or specific — of FACTA's requirements

10  and a failure to take the steps necessary to ensure compliance with those requirements."

11  *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 U.S. Dist. LEXIS

12  96903, at *10 (S.D.N.Y. July 23, 2015).

13        In *Seo v. CC CJV Am. Holdings, Inc.*, No. CV 11-05031 DDP (MRWx), 2011 U.S.

14  Dist. LEXIS 120246, at *3-6 (C.D. Cal. Oct. 18, 2011), plaintiff asserted claims for willful

15  and negligent FACTA violations against defendant.  Like the court in *Fullwood*, this Court

16  in *Seo* similarly held that defendant's alleged membership in an organization that regularly

17  sends legal updates, including about the FACTA requirements, was insufficient to

18  establish that defendant knowingly ignored FACTA.  *Id.*  Rather, these cases confirm "[a]

19  more precise formulation would be that a defendant willfully violates FACTA when it

20  knows itself to be in violation of FACTA, or acts in a manner that entails an unjustifiably

21  high risk of violating FACTA that is so obvious that it should be known."  *Fullwood*, 2015

22  U.S. Dist. LEXIS 96903, at *10.  These facts are absent from the First Amended

23  Complaint, which relies entirely on speculation as to Defendant's intent.

24        In fact, *Fullwood* sheds further light on how Plaintiff falls short of alleging any

25  willfulness on Defendant's part, even if there was a FACTA violation.  Unlike in Plaintiff's

26  First Amended Complaint, the complaint in *Fullwood did* include some factual allegations

27  suggesting that the defendants were "*specifically and repeatedly* informed of FACTA's

28  existence, applicability, and potential imposition of liability."  2015 U.S. Dist. LEXIS

96903, at *11 (emphasis added).  For instance, the *Fullwood* plaintiff alleged that the defendants had negotiated contractual provisions regarding FACTA and received "regular" statements, including from their bank and point of sale providers, referencing FACTA compliance.  *Id*. at *12.  Those pointed factual allegations in *Fullwood* were enough for that complaint to survive a motion to dismiss.  *Id*. at *12-13.  In contrast, Plaintiff alleges no such factual allegations with regard to any conduct by Defendant that could rise to the same level of "willfulness."  (*See generally*, FAC).

Rather, the best Plaintiff can do is repeat that FACTA has been in place for "approximately twelve (12) years," speculate that "knowledge of the act has become more and more common place with many people posting online articles about the act," and deduce that "the act has assimilated itself within the industry with the majority of businesses complying with the statute."  (FAC, ¶¶16-20.)  Plaintiff leaves the reader guessing as to which "industry" he is referring or which "businesses" he perceives as complying with FACTA in ways Defendant does not.  (*See* FAC, ¶¶16-20.)  Based on these generalizations, Plaintiff assumes that Defendant "knew and should have known that [it] was engaging in the systematic illegal practice described" elsewhere in the First Amended Complaint, which he contends rises to the level of "willfulness."  (FAC, ¶¶16-21.)  This is not enough.

Even assuming that Plaintiff alleged that information regarding FACTA was available to Defendant—though Plaintiff stops short of doing so—this Court has already held, in a case asserting similar claims for willful violations of FACTA, that "[t]he fact that information about FACTA was available to [defendant] does nothing to support [plaintiff's] naked assertion that [defendant] was notified of FACTA's provisions and knowingly ignored them."  *See Seo*, 2011 U.S. Dist. LEXIS 120246, at *5.

The First Amended Complaint accordingly fails to plead sufficient facts to state a plausible claim that Defendant "willfully" violated FACTA under Rule 12(b)(6), and is therefore subject to dismissal.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CASE NO. 8:22-CV-01837 DOC (DFMx)

**C.    The Court Lacks Personal Jurisdiction To Decide The Non-Resident, Putative Class Members' FACTA Claims.**

Finally, Defendant seeks dismissal of the non-California, putative class members' FACTA claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1]    There are two types of personal jurisdiction: general, or "all-purpose," jurisdiction and specific, or "case-linked," jurisdiction. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

A business entity is subject to general jurisdiction in the states where it is incorporated and/or has its principal place of business. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *In re Packaged Seafood Prods. Litig.*, 338 F. Supp. 3d 1118, 1139 n. 14 (S.D. Cal. 2018) (finding a limited liability corporation subject to the general jurisdiction of the states encompassing its principal place of business and where it was incorporated).  Sprouts is incorporated in Delaware, and its principal place of business is in Arizona.  (Sprouts Decl., ¶¶3-4).  Since neither provides an avenue to California, Plaintiff must establish that this is the "exceptional case" where Sprouts' contacts with California are so "substantial" or "systematic" that it should be expected to defend itself in California for any dispute. *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014).

All Plaintiff alleges is that Sprouts "does business within the State" and that "the incident" giving rise to Plaintiff's claims "took place" in California. (FAC, ¶3.)  The U.S. Supreme Court has already held that boilerplate allegations akin to "defendant operates in California, among other states," do not make an "exceptional case" that subjects the defendant to California's general jurisdiction. *See Daimler AG*, 134 S. Ct. at 761, 762,

---

[1] While recent Ninth Circuit decisions counsel that a motion to dismiss unnamed, non-resident class members for lack of personal jurisdiction may appropriately be made after class certification, *see, e.g.*, *Owino v. Corecivic, Inc.*, 36 F.4th 839, 847 (9th Cir. 2022); *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021), it is also well-settled that a defect in personal jurisdiction can be waived if not raised in the first responsive pleading. *See, e.g.*, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (same).  Defendant is hereby expressly reserving its personal jurisdiction defense in the event that the Court finds that this challenge is premature.

10

1  n.20 (declining to approve the exercise of general jurisdiction in every State in which a

2  corporation engaged in substantial and continuous business).  Since California has no

3  general jurisdiction over Sprouts, Plaintiff's only recourse to keep the non-California,

4  unnamed class members' claims before this Court is to establish that there is specific

5  jurisdiction over those class members' FACTA claims.

6      Specific jurisdiction "is confined to adjudication of issues deriving from, or

7  connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at

8  919.  The Court cannot exercise specific jurisdiction over the non-California class

9  members' claims for willful violations of FACTA because Defendant's alleged conduct as

10 to those class members—printing "more than the last five digits of the person's credit card

11 or debit card number"—took place outside of California.  (FAC, ¶¶25-26 (alluding to

12 "transaction[s] occurring nationwide".)  *See Bristol-Myers Squibb Co. v. Superior Court*,

13 137 S. Ct. 1773, 1781 (2017) (reversing California Supreme Court's finding of specific

14 jurisdiction over the claims by nonresident plaintiffs whose alleged injuries took place out

15 of state in a mass tort action because "traditional notions of fair play and substantial

16 justice" require an "affiliation between the forum and the underlying controversy");

17 *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985) (requiring "jurisdiction over

18 every plaintiff whose claim it seeks to adjudicate, sufficient to support a defense of res

19 judicata in a later suit for damages by class members").

20     Whether determined now or later, the non-California class members' FACTA

21 claims are subject to dismissal for lack of personal jurisdiction.  *See Owino*, 36 F. 4th at

22 847 (holding that a "Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed

23 putative class members" may be raised after a class is certified).

24 **V.    CONCLUSION**

25     For the foregoing reasons, Defendant respectfully requests the Court dismiss

26 Plaintiff's First Amended Complaint in its entirety pursuant to Rule 12(b)(6) with

27 prejudice.  In addition, Defendant respectfully requests the Court also dismiss the claims

28 asserted on behalf of non-California, unnamed class members for lack of personal

11

1   jurisdiction under Rule 12(b)(2), and reserves its right to seek dismissal on that basis if the

2   Court finds this request is premature.

3

4   DATED:  November 28, 2022                    DORSEY & WHITNEY LLP

5

6                                                By: */s/Faisal M. Zubairi*
                                                     FAISAL M. ZUBAIRI
                                                     ISAAC M. GABRIEL
7                                                    NAVDEEP K. SINGH
                                                     JESSICA M. LEANO
8                                                    Attorneys for Defendant SPROUTS
                                                     FARMERS MARKET, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CASE NO. 8:22-CV-01837 DOC (DFMx)

**<u>CERTIFICATE OF SERVICE</u>**

*Robert Cohen v. Sprouts Farmers Market, Inc.,*
*United States District Court for the Central District of California*
*Case No.: 8:22-cv-01837 DOC (DFMx)*

I hereby certify on November 28, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be automatically served by the CM/ECF System.


DATED:  November 28, 2022        DORSEY & WHITNEY LLP

By:   */s/Faisal M. Zubairi*
      Faisal M. Zubairi

CERTIFICATE OF SERVICE
CASE NO. 8:22-CV-01837 DOC (DFMx)