JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01837-DOC-DFM            Date: December 8, 2022

Title: ROBERT COHEN V. SPROUTS FARMERS MARKET, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER
United States District Judge

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [12]

Before the Court is Plaintiff Robert Cohen's ("Plaintiff") Motion to Remand ("Motion" or "Mot.") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers, the Court GRANTS Plaintiff's Motion and REMANDS this case to state court. Defendant's Motion to Dismiss is thus DENIED AS MOOT.

### I.    Background

This case arises out of Defendant Sprouts Farmers Market, Inc.'s ("Defendant") printing of both the initial six and last four digits of Plaintiff Robert Cohen's ("Plaintiff") credit and debit cards on its receipts when Plaintiff made purchases from Defendant. Complaint ("Complaint") at ¶¶ 8-9. Plaintiff, individually and on behalf of all other similarly situated, sued Defendant for violations of the Fair and Accurate Credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01837-DOC-DFM　　　　　　　　　　　　　　　　Date: December 8, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Transactions Act ("FACTA"), which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the card holder at the point or transaction of sale. (15 U.S.C. § 1681c(g)(1).)" *Id*. at ¶ 10.

On October 7, 2022, Defendants removed the action from Orange County Superior Court. (Dkt. 1). On October 27, 2022, Plaintiffs filed a motion to remand. ("Mot.") (Dkt. 10). On November 10, 2022, Defendants opposed. ("Opp'n") (Dkt. 14). Defendants filed a reply on November 21, 2022.

## I.　　Legal Standard

"Federal courts are courts of limited jurisdiction," so they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may invoke federal removal jurisdiction if the case could have been filed originally in federal court. 28 U.S.C. § 1441. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). As the removing parties, Defendants bear the burden of demonstrating that Plaintiff has Article III standing. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir 1987). If the defendant fails to meet this burden, the case will be remanded to the state court. 28 U.S.C. § 1447.

Because the Constitution limits Article III federal courts' jurisdiction to "cases" and "controversies," a plaintiff's pleadings must establish standing. U.S. Const art. III, § 2. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins* (*Spokeo I*), 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) and *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

Establishing an injury in fact requires the plaintiff to "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo I*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). This element "is a constitutional requirement," so " 'Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.' " *Id.* at 1547-48 (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01837-DOC-DFM　　　　　　　　　　　　　　　　Date: December 8, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

*Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). As a result, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. "To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exists' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.* (*Spokeo II*), 867 F.3d 1108, 1112 (9th Cir. 2017) *cert. denied*, 138 S. Ct. 931 (2018) (quoting *Spokeo I*, 136 S. Ct. at 1548–49); *see also Spokeo I*, 136 S. Ct. at 1549 ("Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete."). "In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real – as opposed to purely legal – harm to the plaintiff." *Id.*

　　　　In determining whether a statutory harm is sufficiently concrete to be an injury in fact, a court looks to whether the statute codifies a substantive or a procedural right. *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982–83 (9th Cir. 2017). A substantive provision "protects concrete interests," so the plaintiff need only plead a violation of that provision to establish an injury in fact. *Id.* at 983; *see also Silverstein v. Keynetics, Inc.*, 2:18-LACV-4100-JAK-(AGRx), 2018 WL 5795776, at *7 (C.D. Cal. Nov. 5, 2018) ("Where a statute codifies a substantive right, a plaintiff need not plead any additional harm beyond a violation of the statute to obtain standing."). A claim under a procedural provision, on the other hand, needs to be accompanied by allegations of a concrete harm in order to establish the requisite injury in fact. *Id.* at 982; *see also Spokeo I*, 136 S. Ct. at 154 (A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) (" '[B]are procedural violations, divorced from any concrete harm[ ]' ... [do] not suffice for Article III standing." (quoting *Spokeo I*, 136 S. Ct. at 1549)). To determine whether a provision is substantive – and thus protects concrete interests – or procedural, the Court looks to "both history and the judgment" of the legislature. *Spokeo I*, 136 S. Ct. at 1548; *see also Eichenberger*, 876 F.3d at 982–83 (looking to the text, purpose, and history of Video Privacy Protection Act of 1988 provision to conclude the relevant provision was substantive); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1040 (9th Cir. 2017) (same for the Telephone Consumer Protection Act of 1991).

**III. Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01837-DOC-DFM            Date: December 8, 2022
           Page 4

       Plaintiff argues that a FACTA case premised merely on the printing of receipts with more than the last five digits of a credit card number such as this one lack Article III standing because there is no concrete and particularized injury. See Mot. at 3. In support, Plaintiff cites an "overwhelming number of courts in this district" that "have come to the same conclusion." *Id*. (citing *Kamel v. Hibbett, Inc.*, No. 8:22-CV-01096-RGK-E, 2022 WL 2905446, at *2 (C.D. Cal. July 22, 2022); *Colin v. Alpargatas USA, Inc.*, CV 21-9394-GW-Ex, 2022 WL 557179, at *12 (C.D. Cal. February 4, 2022) (FACTA lawsuit remanded to state court when circuit court did not possess subject matter jurisdiction due to Plaintiff's lack of Article III standing); *Peskett v. Designer Brands, Inc.*, Case No. 2:20-cv-00563-FMO-AFM, 2020 WL 2519887, at *2 (C.D. Cal. May 18, 2020) (same); Keim v. Trader Joe's Co., Case No. CV 19- 10156 PSG, 2020 WL 564120, *8 (C.D. Cal. Feb. 5, 2020) (same); *Garcia v. Kahala Brands, Ltd.*, Case No. CV 19-10062-GW-JEMx, 2020 WL 265518, *3 (C.D. Cal. Jan. 16, 2020) (same); *Mendoza v. Pac. Theatres Entm't Corp.*, Case No. CV1909175CJCJCX, 2019 WL 6726088, *3 (C.D. Cal. Dec. 10, 2019) (same); *Alvarado v. Univ. of Southern California*, Case No. CV 17-3671- GW(AJWx), 2017 WL 8116092, at *4 (C.D. Cal. Sept. 21, 2017) (same)).

       Defendants disagree, citing a number of Ninth Circuit cases where plaintiffs sufficiently alleged an injury in fact in FACTA cases involving personal data. Opp'n at 6 (citing *In re Zappos.com, Inc.*, 888 F.3d 1020, 1029 (9th Cir. 2018); *Krottner v.Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010)). The cases Defendants cite, however, are distinguishable in that they all involve some "increased" or "substantial" risk of future identity theft or fraud, which was sufficient to confer standing. *See In re Zappos.com*, Inc., 888 F.3d 1020; *Krottner v.Starbucks Corp.*, 628 F.3d 1139.

       By contrast, Plaintiff's claims, here, do not sufficiently establish a substantial enough risk to confer standing. At best, Plaintiffs allege a "theory of 'exposure' to identity theft," which is "too speculative for Article III purposes." *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (citation and internal quotation marks omitted).

       This Court and others within the Central District of California have repeatedly determined that the injury caused by printing receipts with more than the last five digits of a credit card number is insufficient to establish Article III standing. *See Mendoza v. Pac. Theatres Ent. Corp.*, No. 19-CV-9175-CJC-(JCx), 2019 WL 6726088, at *1 (C.D. Cal. Dec. 10, 2019) (finding potential exposure to identity theft, speculation that private financial information was exposed to persons who handled the receipts, and plaintiff's extra precaution to safeguard receipt were not sufficient to establish Article III standing);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01837-DOC-DFM　　　　　　　　　　　　　　　　　Date: December 8, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

*Garcia v. Kahala Brands, LTD.*, No. 19-CV-10062-GW-(JEMx), 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) (allegations in an identical FACTA case of a heightened risk of identity theft, exposure of private financial information to employees who handled the receipts, and extra precautions to safeguard the receipt were not sufficient to confer Article III standing); *Alvarado v. Univ. of S. California*, No. 17-CV-3671-GW-(AJWx), 2017 WL 8116092, at *2 (C.D. Cal. Sept. 21, 2017) ("Plaintiffs' conclusory allegations that they are at increased risk of identity theft and credit or debit card fraud are insufficient to establish Article III standing."); *Edelstein v. Westlake Wellbeing Properties, LLC*, No. 17-CV-6488-AB-(EMx), 2017 WL 5495153, at *3 (C.D. Cal. Nov. 15, 2017) ("Since Defendants have failed to distinguish *Alvarado* from the case at bar, the Court finds it apposite and holds that Plaintiffs have not alleged a concrete enough injury to satisfy the injury-in-fact requirement."); *Anton v. Prospera Hotels, Inc.*, No. 19-CV-534-CBM-(SHKx), 2019 WL 4266528, at *2 (C.D. Cal. July 18, 2019) ("Plaintiff does not allege any concrete or tangible harm resulting from Defendant's violation of FACTA."); *Peskett v. Designer Brands, Inc.*, No. 20-CV-0563-FMO-(AFMx), 2020 WL 2519887, at *2 (C.D. Cal. May 18, 2020) ("[T]he court finds that defendant has failed to meet its burden of establishing plaintiff's Article III standing" on identical FACTA claim.); *Keim v. Trader Joe's Co.*, No. 19-CV-10156-PSG-(MRWx), 2020 WL 564120, at *2 (C.D. Cal. Feb. 5, 2020) (concluding that allegations of potential exposure to identity theft, possible disclosure of financial information to person who handled receipt, and efforts to safeguard the receipt were insufficient to establish Article III standing).

　　　　Moreover, the Ninth Circuit has also held that such allegations under a FACTA claim do not confer Article III standing. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 777 (9th Cir. 2018) (holding Plaintiff's allegations of a FACTA receipt-printing violation insufficient to confer Article III standing because "it is difficult to see how issuing a receipt to only the card owner ... without more, could work any concrete harm").

　　　　Because the precedent in this area is clear, the Court remands this case to state court for lack of Article III standing.[1] *See Miranda v. Magic Mountain LLC*, No. 17-CV-07483 SJO-(SSx), 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("While it may

---

[1] Despite the Court's determination that Plaintiff does not adequately allege an injury-in-fact sufficient to confer federal standing, this case may proceed at the state level because California courts are not bound by the rigid "case or controversy" requirement of Article III. *See Grosset v. Wenaas*, 42 Cal. 4th 1100, 1117 n. 13 (2008) (noting that a plaintiff need not "have a personal stake in the outcome of the controversy" to bring suit).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01837-DOC-DFM                                Date: December 8, 2022
                                                                                              Page 6

strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system.").

## IV. Disposition

For the reasons set forth above, the Court **REMANDS** this case to the Superior Court of Orange County, California and **DENIES AS MOOT** Defendant's Motion to Dismiss (Dkt. 12). Accordingly, the hearing and scheduling conference currently scheduled for January 9, 2023, is **VACATED**.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu

CIVIL-GEN